CHITTENDEN *v.* CITY OF LANSING.

|120   539|
|s79NW 797|
|129    69|

| 120  539|
|d152 682|

MUNICIPAL CORPORATIONS—CONTRACTS—AUTHORITY OF BOARD OF PUBLIC WORKS—ALTERATIONS.

   Under the charter of the city of Lansing, the common council determines when a public building shall be erected. The board of public works then prepares plans and specifications, and submits them, with an estimate of the cost, to the council. Bids are advertised for, and are reported by the board, with recommendations, to the council, which alone may authorize the execution of a contract. *Held,* that a provision in such a contract that, in case of alterations, a fair valuation of the work added or omitted should be made by the board of public works, and the sum agreed to be paid for the work, according to the original specifications, increased or diminished in accordance therewith, gave the board no authority to bind the city for alterations in an amount in excess of the contract price.

Error to Ingham; Person, J.   Submitted May 4, 1899. Decided July 5, 1899.

*Assumpsit* by Charles M. Chittenden against the city of Lansing for extra material furnished under a building contract.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*Kilbourne & Harris*, for appellant.

*Charles B. Collingwood*, City Attorney, for appellee.

HOOKER, J.   The plaintiff was the successful bidder for the contract for the erection of the city hall at Lansing. According to the specifications, the bidders named the stone from which they respectively proposed to build the face of the walls, and the plaintiff named "Blue Amherst." His bid also contained a tender of "Blue Amherst Select" at an increased cost of $2,160. After his bid was accepted, the board of public works directed him to substitute Blue Amherst Select for Blue Amherst stone, and he at once changed his order in compliance therewith. The council repudiated this action without delay. The building was completed and accepted, and the contract price of $108,000 was paid to the plaintiff, but the council refused to pay the sum of $2,160 for the substitution of Blue Amherst Select stone, denying the authority of the board of public works to make the change and bind the city therefor, and claiming that the council did not consent thereto. The brief of counsel for the plaintiff states that the committee of the board of public works recommended the acceptance of the bid of the plaintiff on March 25, 1895, and that the report was adopted by the board, and its action was ratified and confirmed by the council, on the same day. Counsel say that the specifications required alternative bids on stone, and that the contract executed by the board of public works on behalf of the city contained paragraph 3 of the specifications, reading as follows, viz. :

"(3) Should any alterations be required in the work shown or described by the drawings or specifications, a fair and reasonable valuation of the work added or omitted shall be made by the board of public works, and the sum herein agreed to be paid for the work, according to the original specifications, shall be increased or diminished, as the case may be. In case such valuation is not agreed to, the contractor shall proceed with the alteration, upon the written order of the said board, and the valuation of the work added or omitted shall be referred to three ( 3 )

arbitrators (no one of whom shall have been personally connected with the work to which these presents refer), to be appointed as follows."

Their contention appears to be that this paragraph authorized the board of public works to increase the expenditure by changes in the specifications. But we agree with the learned circuit judge that this cannot be true. Under the charter the city council determines whether it will build a public building. The board then procures plans and specifications, and reports them, with an estimate of cost, to the council. Bids are advertised for, but before a contract can be made it must be authorized by the council. In this case the council authorized a contract to be made binding it to pay $108,000 for the construction of a building according to certain plans and specifications. The board of public works cannot bind the city by an agreement to increase the contract price. We are not cited to any case upholding such power. If this arrangement binds the city, then there is no limit to the power of the board to make changes in material and construction at the public expense. We feel that this is a hard case, and that there is a moral obligation on the part of the council to pay for this extra which the public would be slow to forgive a private person for disregarding; but we have not the power to give relief.

The judgment is affirmed.

The other Justices concurred.