PETERSON *v.* CITY OF IONIA.[1]

1. PLEADING —AMENDMENT — ALLOWANCE — PROPRIETY — INVITED ERROR.

   In an action against a city to recover the balance due for grading a street, plaintiff was allowed to amend his declaration by counting specially on an addition to the embankment of two feet in excess of the original contract, whereupon defendant's attorney asked permission to amend his plea by setting forth that the contract for the two feet was ultra vires. Plaintiff's attorney stated that the plea showed that defendant had work it had not paid for, and that the amendment should be allowed. *Held,* that plaintiff was not in a position to complain about the allowance of the amendment.

2. MUNICIPAL CORPORATIONS — IONIA CHARTER — STREETS — IMPROVEMENTS—RAISING GRADE—VALIDITY OF CONTRACT.

   Where the council of Ionia let a contract to grade a street in accordance with certain plans and specifications, and, before the work was finished, contracted with the same person to add two feet to the embankment specified in the original contract, the latter work came within the term "improvements" as used in the charter of Ionia (section 108, Act No. 219, Laws 1873, as amended by Act No. 352, Local Acts 1897), since what was done was to take a strip of land and so improve it as to make it usable as a street, whence the charter provisions as to advertisement and letting should have been observed.

[1] Rehearing denied June 27, 1908.

3. SAME—ULTRA VIRES CONTRACT—LIABILITY OF CITY.

   Where the common council of a city under due authority let a
       contract for the improvement of a street, and later, without
       observing the formalities required by the charter, employed
       the contractor to raise the grade of the street two feet
       higher than his original contract provided, and the work
       was performed as agreed, the city is liable for the additional
       work.

Error to Ionia; Davis, J.   Submitted January 16, 1908.
(Docket No. 74.)   Decided May 26, 1908.

Assumpsit by Peter Peterson against the city of Ionia
for work and labor.   There was judgment for defendant
on a verdict directed by the court, and plaintiff brings
error.   Reversed.

*Lee E. Joslyn,* for appellant.

*Alfred R. Locke* ( *Scully & Davis* and *Dwight C.
Sheldon,* of counsel ), for appellee.

MOORE, J.   Mr. Peterson brought suit against defend-
ant for a balance claimed to be due him for filling and
grading a street.   In the early summer of 1905, the de-
fendant city advertised for and solicited bids for work in
accordance with a profile and certain specifications.   The
plaintiff was the lowest bidder and the contract was let to
him.   On July 3d, the following resolution was adopted
by the defendant's city council:

"Resolved, That the mayor and the city attorney are
hereby instructed to enter into a contract with Mr. Peter-
son for the filling, grading and completion of Cleveland
street, according to plans and specifications; excepting
that the level of said street south of the Pere Marquette
tracks be raised above the level of survey in plans two
feet, contract to provide for said two feet raise at same
compensation per yard as bid accepted by council."

On June 23, 1905, previous, the council adopted the fol-
lowing resolution:

"Resolved, That the abutment for the new bridge be

built two feet higher than at present planned, and that the Cleveland street roadway be also built two feet higher than present survey."

After the adoption of the foregoing resolutions, and on July 8, 1905, a contract was made in writing between the parties, in which Peterson agreed to do the work required as specified in his bid and provided in the profile and specifications, and also to raise the grade two feet. This contract was made in accordance with the foregoing resolutions of the council.

The plaintiff claims he performed the contract. At the time the work was completed plaintiff had been paid $5,000. A dispute arose as to the number of yards of dirt in the street. The city employed McVey & Northrop to measure the number of yards and adopted the following resolution:

"Resolved, That the city clerk is hereby instructed to notify Contractor Peterson that the city is ready and willing to settle for building the Cleveland street road on the basis of the figures submitted by McVey & Northrop as to volume of fill, after the road is properly completed according to contract and road accepted."

After the adoption of the foregoing resolutions, Peterson presented a sworn bill to the council, and the following resolution was adopted:

"By Alderman Carten: Resolved, That the claim of Peter Peterson for balance due for filling and grading Cleveland street be allowed according to McVey & Northrop's measurements; said balance due, according to such measurements, being $3,015.32. That there be deducted from said balance due the sum of $300 on account of the claim of the city, for damages due the city in consequence of said Peterson's failure to complete and perform his contract according to the terms thereof; that the clerk and mayor issue an order for the amount of $2,715.32, payable to the order of said Peter Peterson."

The $2,715.32 allowed in the foregoing resolution was paid, the $300 was retained by the city, and this suit was brought. The defendant pleaded the general issue and

gave notice that the contract had not been completed and claimed damages by way of set off and recoupment.

On the trial defendant claimed that plaintiff could not recover for any part of the additional two feet raise, for the reason that the contract was void as being ultra vires, the city having failed to advertise for bids therefor. The court ruled that the plaintiff could recover for no part of the extra two feet in the grading of the street and refused to permit plaintiff to recover for the $300 allowed by resolution of the council, less any damages the city might show by reason of defendant's failure to complete the contract, and directed a verdict for defendant. The case is brought here by writ of error. It is argued strenuously that the court erred in permitting defendant to amend its plea and notice of defense of ultra vires. The plaintiff's attorney had said he would amend his declaration when the following occurred:

" *Mr. Locke:* Now may it please the court in view of the order of the court permitting the plaintiff to amend his declaration counting specially upon this extra two feet, I desire permission to amend our plea by setting forth that that part of the contract was absolutely void. Also to amend our plea as to the other question, common counts; that any claim they may have for the extra two feet north of the track is also void, for the reason under the charter such contract is without authority. * * *

" *Mr. Joslyn:* I think if their plea here shows anything it shows they have got work they have not paid for. The city attorney has got this case in such shape as to raise a defense which admits the work was done but the city hadn't ought to pay for it because he didn't know the law. I think he ought to be permitted to amend. I think they ought to go together.

" *Mr. Scully:* Thanks to the gentleman for that."

We do not think counsel is in a position to complain about the amendment.

It is insisted plaintiff should have been allowed to recover the $300 withheld at the time the $2,715.32 was paid. The trouble with that contention is that the resolution must be treated as an entirety, and as an effort to

settle. The plaintiff took the money, but did not acquiesce in the claim of the city that it had a right to withhold the $300 as damages. The counsel admitted his client had been paid for everything except the two feet raise in the embankment.

This brings us to the important question and that is, whether plaintiff was entitled to recover for that work. The city charter, section 108, Act No. 219, Laws of 1873, as amended by Act No. 352, Local Acts 1897, provides:

"In all cases when any repairs or improvements are to be made to any street [in] of said city, which shall exceed in the cost or expense therefor the sum of one hundred dollars, it shall be the duty of the common council to direct and order such officer as may have the superintendence of the streets of said city to advertise, as said council may direct, for bids for the making of said repairs or said improvements, and by such officer to contract for the making of such repairs or improvements with the person or persons who may make the lowest bid therefor which may be acceptable to said council; and said council may require the contracting party to give security for the faithful performance of the contract upon his or their part according to the terms thereof."

It is argued that, as the street was a new one, what was done was neither repairs nor improvements, and did not come within the charter provision. We think this claim too technical. What was done was to take a strip of land and so improve it as to make it usable as a street.

It is argued that, as the city has had the benefit of the improvement, the defense of ultra vires is inequitable and unjust, and cannot be successfully urged in this case, counsel citing *Coit* v. *City of Grand Rapids*, 115 Mich. 493; *Carey* v. *City of Saginaw*, 79 Mich. 73; *East Jordan Lumber Co.* v. *Village of East Jordan*, 100 Mich. 201; *Spier* v. *City of Kalamazoo*, 138 Mich. 652; *Arbuckle-Ryan Co.* v. *City of Grand Ledge*, 122 Mich. 491, and many other cases.

On the other hand, it is claimed that *Chittenden* v.

*City of Lansing*, 120 Mich. 539, rules this case instead of *Coit* v. *City of Grand Rapids*, 115 Mich. 493. We are of the opinion that *Chittenden* v. *City of Lansing* is inapplicable. There the plaintiff Chittenden substituted Blue Amherst Select stone for Blue Amherst stone under an arrangement, not with the common council, the contracting authority, but with the board of public works, who had no authority to make a contract. The opinion states: "The council repudiated this action without delay." It was held that the city was not bound to pay the increased price of select stone. There was no opportunity in that case to apply the principle that as the city had obtained the benefit of the work, it should make compensation therefor, the contracting authority of the municipality having repudiated the action from the beginning. Legally speaking, the case was not different than it would have been had the contractor never been authorized to make the change. In the case at bar the work was done in pursuance of a contract entered into by the council, who was duly authorized to contract. The law requiring such contract to be made by bids was disregarded. The city obtained the benefit. The case is indistinguishable from *Coit* v. *City of Grand Rapids*, supra, and the authorities there cited.

The judgment is reversed, and new trial ordered.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.