RIDGEMONT DEVELOPMENT COMPANY *v.* CITY
OF EAST DETROIT.

1. MUNICIPAL CORPORATIONS—PLATS—CONVEYANCE OF LOTS AS CON-DITION PRECEDENT TO APPROVAL.

Fact that 2 plats of 89-acre tract were approved by defendant city after conveyance to it of 2 lots by plaintiff indicated no statutory ground existed for rejecting the plats by the city which had demanded absolute conveyances of such lots as a condition precedent of approval of the plats without having statutory or other authorization so to do (CL 1948, § 560.1 *et seq.*).

2. SAME—APPROVAL OF PLATS—RECONVEYANCE OF LOTS REQUIRED AS CONDITION PRECEDENT—COMPULSION.

Plat owners who were required to make absolute conveyances of 2 lots to city, allegedly for playground purposes, as a con-dition precedent to approval of their 2 plats of 89-acre tract of land were entitled to reconveyance thereof after approval had been obtained, in their subsequent suit for such relief, where city was not empowered to require such conveyance as a condition precedent to approval, since plaintiffs were acting under compulsion (CL 1948, § 560.1 *et seq.*).

3. SAME—PLATS—ESCROW FOR IMPROVEMENTS—ACCOUNTING.

Plat-owner plaintiffs who were required to make a deposit in escrow for estimated cost of improvements to be made pursuant

REFERENCES FOR POINTS IN HEADNOTES
[5]  14 Am Jur, Costs § 11.

to contracts let by defendant city were entitled to an accounting as to such escrowed deposit for improvements after completion (CL 1948, § 560.1 *et seq.*).

4. SAME—PLATS—INCREASED COST OF IMPROVEMENTS—GOOD FAITH. Plat owners were properly chargeable with additional cost of paving a street necessitated by increasing thickness of pavement from 6 to 8 inches due to unsatisfactory condition of foundation with reference to drainage and prospects of heavy traffic over such street, such alteration being made at the insistence of the city engineer, notwithstanding alteration of contract was after original paving contract had been let, where city council ratified the alteration, the original contract could have been let for the 8-inch thickness, and the action taken does not appear to have been made in bad faith (CL 1948, § 560.1 *et seq.*).

5. COSTS—PLATS—MUNICIPAL APPROVAL—ACCOUNTING—FAILURE OF EITHER PARTY TO PREVAIL IN FULL. No costs are allowed in suit by plat owners against city to recover 2 lots which the city had, without statutory or other authority, required an absolute conveyance to it as a condition precedent to approval of 2 plats of an 89-acre tract and for an accounting as to escrowed deposit for improvements, where neither party has fully prevailed.

Appeal from Macomb; Noe (Alton H.), J. Submitted October 13, 1959. (Docket No. 60, Calendar No. 47,583.) Decided January 4, 1960.

Bill by Ridgemont Development Company, a Michigan corporation, Samuel S. Bankle and others against the City of East Detroit and Harry J. Fuller, city engineer, to set aside deeds demanded by city for children's playfields as a prerequisite to approval of subdivision, and for accounting of funds in escrow for improvements. Decree granting accounting and allowing additional sums above estimates caused by change in specifications of certain improvements, but denying other relief. Plaintiffs appeal. Affirmed in part and reversed to set aside deeds.

*Schmier & Schmier* and *Friedman, Meyers & Keys* (*Donald E. Barris* and *Erwin C. Ziegelman,* of counsel), for plaintiffs.

*Carl B. Weymouth,* for defendant City of East Detroit.

*Clifford A. John,* for defendant Fuller.

*David Gooze,* of counsel for defendants.

CARR, J. The facts in this controversy are not materially in dispute. In June, 1953, plaintiffs became the owners of a tract of land in defendant city, comprising approximately 89 acres. It is claimed that the consideration for the purchase was $440,000 and that the property was acquired with the purpose in mind of platting it. It was divided into 2 subdivisions and plats thereof were prepared by engineers employed by the owners for that purpose. The proposed plats were submitted to the common council of the city of East Detroit for approval, and referred to the city engineer. Some question was raised with reference to plans for disposal of surface waters, but eventually these problems were solved and defendants raised no further objections.

It is the claim of plaintiffs in this proceeding that they were advised by the city engineer and, likewise, by the city manager that the plats would not be approved unless 1 lot in each subdivision was conveyed to the city, the claim being that such lots were desired for playgrounds for young children. Some discussion occurred from time to time concerning the matter, plaintiff Bankle claiming that he objected to executing the conveyances on the ground that the city was without authority to require them as a condition prerequisite to approval of

the plats. He did not take the matter up directly with the common council, but relied on the statements made to him by the city's representatives, the manager and the engineer. Conveyances as requested were finally executed and delivered, and the plats were approved. Plaintiffs asked that each deed contain a reverter clause providing in substance that if the lots were not used for playground purposes the grantors would be entitled to reconveyances. This was refused. The record indicates that the conveyances were absolute in form.

By agreement between the parties, plaintiffs deposited in escrow with the defendant city a sum of money estimated as necessary to cover the cost of improvements in the property, such improvements to be made pursuant to contracts let by defendant city. Among such contracts was one for the paving of a certain street referred to in the record as Boulder avenue. The contract as made by the city provided for a 6-inch pavement which, during the process of construction, was increased over a certain section of said street to 8 inches. Plaintiffs claimed that the alteration in the construction was unauthorized under pertinent provisions of the municipal charter, and that they were improperly charged with the additional cost of the paving because of the alteration made at the insistence of the city engineer, and without their knowledge or acquiescence. Settlement was made with the contractor on the basis of the work actually done and materials furnished, the cost thereof being charged against the deposit made by plaintiffs to cover improvements. The total added cost charged against them because of the alteration in question is claimed to have been the sum of $6,680.80.

Plaintiffs instituted the present suit by bill of complaint filed March 4, 1955. In their pleading they alleged that defendants were without authority

to insist on the conveyances of the lots in question as a condition prerequisite to approval of the plats, that plaintiffs were faced with the necessity of obtaining such approval in order to proceed with their plans and protect their investment, and that, in fact, the deeds were delivered as the result of economic duress. It was further claimed that plaintiffs were entitled to an accounting with the city, that the increased cost of the pavement on Boulder avenue, due to the alteration in construction plans, should not have been charged against them, and that they are entitled to the allowance of such overcharge. Defendants by their pleadings denied the right to the relief sought, claiming in substance that the city was within its rights in demanding deeds to the lots, that the increase in the thickness of the pavement on Boulder avenue was necessary and properly authorized, and that plaintiffs may not question the dealings between the contractor and the city. The trial court determined the issues in favor of defendants and denied relief except as to the claimed right to an accounting. Plaintiffs have appealed from the decree entered.

In the preparation and approval of the plats of the property the parties were subject to the provisions of PA 1929, No 172*, as amended prior to the dealings in question here. Section 19 of the act (CL 1948, § 560.19 [Stat Ann 1953 Rev § 26.449]) gave to the council of defendant city the right to examine for accuracy the plats submitted and to reject a plat found materially in error. The succeeding section likewise invested the governing body of the city with the power to determine whether the land covered by the plats was suitable for platting purposes. It was expressly authorized to require that streets and private roads be improved

---

* CL 1948, § 560.1 *et seq.*, as amended (Stat Ann 1953 Rev § 26.431. *et seq.*, as amended).

and properly drained, and that all highways, streets and alleys conform to the general plan, if any, that may have been adopted for the city.

It does not appear from the record before us that the city of East Detroit prior to the occurrence of the matters in issue here had adopted an ordinance, or ordinances, with reference to the submission and approval of plats. Neither does it appear that the plaintiffs were required to dedicate the lots for use by the public for park or playground purposes. The pleadings and the proofs indicate that the deeds were in the form of ordinary conveyances to the city. It further appears that said lots have not, in fact, been used for playgrounds or that it is intended to so use them in the future. It is a fair inference that the city has seriously considered disposing of such lots for the reason that small playgrounds are not deemed feasible. As noted, the requirement imposed on plaintiffs with reference to deeding the lots to the city did not involve indicating on the plats that they were dedicated to any public use.

The conclusion may not be avoided that the plat act of 1929, above cited, did not empower the defendant city to require, as a condition prerequisite to the approval of plaintiffs' plats, that the lots in question be deeded to the city. The fact that the plats were approved must be taken to indicate that no statutory ground was discovered for rejecting them. Such being the case, plaintiffs were entitled to favorable action in accordance with their application. In *Campau v. Board of Wayne County Auditors,* 198 Mich 468, the defendant board had refused to approve a plat on the ground that the plaintiff had not provided therein for a certain street across his land. In holding that he was entitled to a writ of mandamus to compel approval, it was pointed out that the proposed plat conformed to the streets and alleys of adjoining plats and did

not interfere with any general plan for streets. Citing prior decisions, the relief sought by plaintiff was granted.

Counsel for defendants call attention to *Ridgefield Land Co.* v. *City of Detroit,* 241 Mich 468, where approval of a plat was denied on the ground that the streets designated in the plat did not conform to a general street plan, relating to the width of streets, which the common council of the city had adopted. The State statute then in effect (PA 1925, No 360) required, as does the present act,* that "all highways, streets and alleys conform to the general plan that may have been adopted by the governing body of the municipality for the width and location of highways, streets and alleys." The governing body of the municipality was expressly authorized to reject any plat that did not so conform. There is no claim in the case at bar that the plats, which the common council of East Detroit actually approved, did not conform to any plan that the city had previously adopted with reference to streets and highways. The decision is not in point in the case at bar, and like comment is pertinent to decisions from other States having statutes authorizing a requirement that provision be made in a proposed plat for playgrounds as a condition prerequisite to approval.

Are plaintiffs entitled to a reconveyance of the lots in dispute? As before noted, the prayer for relief in this respect is based on the theory that plaintiffs were subjected to economic duress, that in order to carry out the plans that they had made with reference to their property the approval of the plats submitted to the common council was necessary, and that resort to legal means to enforce ap-

---

* See CL 1948, § 560.20 (Stat Ann 1953 Rev § 26.450), and subsequent amendments. The words "of the municipality," appearing in the 1925 act, are omitted in the plat act of 1929.—REPORTER.

proval meant delay and serious loss. It is claimed that, because of such pressure, the lots were deeded to the city, and that equity, in view of the facts established by the proofs, may properly grant relief. Similar questions have arisen in prior decisions of this Court. In *Vyne* v. *Glenn*, 41 Mich 112, plaintiff sought to recover for the price of lumber sold by him to defendant. It developed that a "pretended settlement" of accounts had been entered into by the parties and receipts in full given. The referees to whom the controversy was submitted for determination of facts found that the defendant forced the plaintiff into the settlement by taking advantage of his pecuniary necessities and by threatening to stop payment of money due to plaintiff from other parties, that said course of conduct threatened him with financial ruin, and that the settlement was not voluntary. Commenting on the factual situation presented, Justice MARSTON, in an opinion concurred in by Chief Justice CAMPBELL and Justices COOLEY and GRAVES, said:

"The defendant informed the plaintiff that he had stopped the payment of certain moneys due the latter from third parties, well knowing plaintiff's circumstances at the time, and that his failure to get the moneys so due him would result in his financial ruin, and thus compel the plaintiff to settle with the defendant in order that the stoppage might be removed. It is idle to say that such a settlement was free and voluntary, and that it should be sustained. To say that the plaintiff had a legal remedy if a wrong had been done him, or that the commencement of garnishee proceedings would not vitiate a settlement thereafter made between the debtor and creditor, may be true generally; but where the wrong done, as in this case, was for the evident purpose of forcing a settlement not in accordance with the legal rights of the parties, and where the delays incident to litigation would but work the ruin which the

plaintiff dreaded,—to hold that because he had a legal remedy for the wrong, and did not avail himself thereof, would not meet the difficulties in a case like the present. The choice offered him was financial ruin or immediate settlement. If this was not obtaining a settlement under duress, it would be difficult to conceive what would be."

Analogous principles were involved in *City of Saginaw* v. *Consumers Power Co.*, 304 Mich 491. There the action was brought to recover overpayments that had been made to defendant for gas furnished. Such overpayments had been collected under rates subsequently held by a Federal court to have been unauthorized, and collection thereof was enjoined. The defendant utility had the right in the event that charges made for services were not paid to shut off gas from premises of persons in arrears. Defendant claimed that the payments were made without protest and under a mistake of law. In sustaining the right of the plaintiff to recover, this Court pointed out that the circumstances created a necessity for payment of the charges as made, that such payments were made under compulsion, that the defendant had no right to receive them, and that, in consequence, the amount so paid could be recovered.

In *Detroit Club* v. *State of Michigan,* 309 Mich 721, plaintiffs sought to recover from the State the price that they had been required to pay for liquor purchased over and above the amount that the liquor control commission was entitled to charge. The commission was the only source from which the plaintiffs could make the desired purchases, which were requisite to carrying on the business for which they had obtained licenses from the State. Plaintiffs were refused discounts to which they were entitled, and this Court recognized that the excessive amounts charged had been paid under duress and

that plaintiffs were entitled to recover on that basis.

In the instant case the defendant demanded and received from plaintiffs property to which the municipality was not entitled. Under the applicable statute there was no authority to impose as a condition prerequisite to the approval of the plats that the lots in question be deeded to the city. The purpose for which it was then intended to use said lots does not alter the situation. Unquestionably the city had the power to establish public playgrounds but it could not demand that plaintiffs donate the land therefor. In complying with such demand plaintiffs acted under compulsion and are entitled to a reconveyance of the lots in question.

Plaintiffs are also entitled to an accounting with reference to the money deposited in escrow to cover the cost of improvements within the subdivisions. This brings us to a consideration of the claim of the plaintiffs with reference to the alteration of the contract for the paving of a certain portion of Boulder avenue within the platted property. That the contract as first made between the city and the paving contractor contemplated a pavement 6 inches in thickness is not disputed. Neither is it questioned that the thickness of the pavement over a section of the street was increased to 8 inches on the recommendation of the city engineer. It was the claim of the defendant city on the trial of the case that such change was deemed expedient because of unsatisfactory condition of the foundation with reference to drainage, and also because the prospects of heavy traffic over such street.

It is not questioned that the contract in the first instance might have been let for an 8-inch pavement, nor is it questioned that with the affirmative consent and approval of the common council the contract might subsequently have been modified to provide for the change from 6 to 8 inches in thick-

ness of pavement. Settlement with the contractor was made on the basis of the work actually done, such settlement involving the payment of $6,680.80 over and above the probable cost had the original plan been followed. In agreeing to the settlement with the contractor it seems apparent that the common council of the city in effect ratified the modification in the contract as recommended by the city engineer. It is not claimed that the action was taken in bad faith, plaintiffs' contention being based on the theory that the approval of the council to the change in the construction should have been obtained before the work was actually done. The situation presented seems to be the not unusual one of an action that might have been, and perhaps should have been, authorized in advance, being subsequently ratified by the council.

In *Alsmeier* v. *Adams,* 62 Ind App 219 (105 NE 1033), a similar question was presented. There a contract for the construction of a sewer was modified during the progress of the work. In accordance with the terms of the agreement a change therein rendered necessary by some exigency could be made only upon the written order of the board of public works of the city. As in the case at bar, the contractor with the consent and approval of the city engineer changed the method without such written approval. However, the board accepted the work with knowledge of what had been done, and it was held that, although its consent had not been obtained in advance as required by the written contract, it could ratify the change made by the contractor. See, also, *Abells* v. *City of Syracuse,* 7 App Div 501 (40 NYS 233). *Campau* v. *City of Detroit,* 106 Mich 414, and *Chittenden* v. *City of Lansing,* 120 Mich 539, cited by plaintiffs, did not involve any question of ratification. It may not be said, therefore, that they are in point in the instant controversy. With-

out discussing the matter further, we conclude that the trial judge was correct in his decision that plaintiffs were not entitled to the allowance of the claimed excessive price of the paving of Boulder avenue.

A decree will enter in this Court requiring that defendant municipality execute and deliver to plaintiffs proper conveyances of the lots in question within 30 days from and after the entering of said decree, and otherwise affirming the decree of the circuit court. Neither party having fully prevailed, no costs are allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.