GORDON *v.* VILLAGE OF WAYNE.

1. MUNICIPAL CORPORATIONS—APPROVAL OF PLAT—FENCE ADJOINING SCHOOL PROPERTY—CONTRACTS.

Plaintiff plattors who had constructed a 5' fence to set off their property from abutting school lands *held,* not entitled to recover the cost thereof from defendant village, where record shows plaintiffs had never asked the FHA to waive requirement for a fence and that fence was constructed 1' higher than that called for by agreement between plaintiffs and the village incident to approval of plat (CL 1948, § 560.1 *et seq.,* as amended).

2. SAME—APPROVAL OF PLAT—CONTRIBUTION TO PARK FUND.

Requirement of contract, entered into between plattors of land and village authorities relative to approval of plats, that plaintiffs make a contribution into a so-called park fund, *held,* to have been tantamount to compulsion, there being no statutory authority to require either the donation of land or monetary equivalent, hence plaintiffs are entitled to recovery of such contribution in action of assumpsit (CL 1948, § 560.1 *et seq.,* as amended).

3. SAME—APPROVAL OF PLATS—COST OF INSPECTION OF IMPROVEMENTS.

Sums expended by plaintiff plattors for cost of inspection by defendant village of improvements, required to be made before plats of land were approved, *held,* recoverable in action of assumpsit, since the obligation of inspection was that of the village and furnished no consideration for such payments (CL 1948, § 560.1 *et seq.,* as amended).

4. COSTS—APPROVAL OF PLATS—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

No costs are awarded on appeal in plattors' action of assumpsit against village to recover sums paid under contract executed

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur, Fences § 1 *et seq.*
[2] 39 Am Jur, Parks, Squares, and Playgrounds §§ 5–11.
[3] 27 Am Jur, Improvements § 31 *et seq.*
[4] 14 Am Jur, Costs §§ 10, 11.

incident to approval of subdivision plats, where neither party has fully prevailed (CL 1948, § 560.1 *et seq.*, as amended).

Appeal from Wayne; Vander Wal (John H.), J., presiding. Submitted April 2, 1963. (Calendar No. 4, Docket No. 49,345.) Decided June 3, 1963.

Assumpsit by Harold H. Gordon, Marion T. Gordon, Louis P. Begin, and Gita Begin against the Village of Wayne, now the City of Wayne, a municipal corporation, for recovery of sums demanded prior to approval of plat. Judgment for defendant. Plaintiffs appeal. Reversed in part and affirmed in part.

*Arthur J. Cole,* for plaintiffs.

*Russel W. Schmidt,* for defendant.

Kelly, J. Plaintiffs instituted this action in assumpsit in the Wayne county circuit court to recover from defendant the sum of $6,105.30 for damages arising out of a contract entered into between the parties, dated October 17, 1955.

Plaintiffs were owners of 2 parcels of land located in the village of Wayne. (The village of Wayne is now the city of Wayne.) The combined parcels contained 20 acres and plaintiffs subdivided the property into 2 subdivisions. Plaintiffs assert the village of Wayne would not approve their proposed plats unless plaintiffs complied with the following demands, which were made a part of the October, 1955, agreement:

(a) The payment of $3,193.80 into a so-called park fund;

(b) The payment of $917.50 to the city for inspection charges in the installation of water and sewer lines and street paving;

(c) The payment of $1,994 for installation of a fence to set off plaintiffs' property from abutting school lands.

The above amounts total $6,105.30, which plaintiffs contend were wrongfully demanded by the village.

Plaintiffs further contend that after the preliminary plats were approved it was necessary to obtain the approval of the plats from the village council; that the village manager advised them that the plats would not be approved unless land was donated for park purposes; that the village manager suggested that plaintiffs and the village enter into a contract before approval was granted; that the foregoing requirements were objectionable to plaintiffs, but they ultimately signed the contract.

Defendant contends the agreement entered into with plaintiffs contemplated improvements, such as construction of water lines, sewers, sidewalks, et cetera, on the plat, including engineering charges; that the foregoing charges, with the exception of the engineering charges, were required either by State law or local ordinance; that the engineering (inspection) charges were made rather than make plaintiffs provide their own engineer; that the Federal Housing Administration required that plaintiffs fence off their land from abutting school property, and that plaintiffs voluntarily complied with the above requirements; and, that there was no compulsion or duress exerted on the plaintiffs as a result of the contract between the parties.

The trial court, sitting without a jury, found no cause for action, and judgment for defendant was entered.

The record does not sustain plaintiffs' contention that the fence was erected directly as a result of plaintiffs' contract with the village and we agree

with the following portion of the trial court's opinion:

"Concerning the fence, the testimony is clear that the plaintiffs never asked the FHA to waive their requirement for a fence and that a 5-foot fence was constructed in accordance with the FHA requirement and not erected because of the agreement between the parties because that called for a 4-foot fence. Therefore nothing is allowed for the fence."

The contract provided:

"4. The payment on the signing of these presents, receipt of which is hereby acknowledged, to the village of Wayne, of the sum of $3,193.80 for the park fund, this being in lieu of setting aside a portion of the property included in said plats for park purposes, there being a village park paid for by the village within the close vicinity. * * *

"12. The village engineering department shall supply an engineering inspector on paving, storm and sanitary sewer and water line installation at the price of $100 per full week of inspection to be paid by the owners to the village within 10 days after date of periodic bills and statements submitted to owners therefor."

In *Ridgemont Development Co.* v. *City of East Detroit,* 358 Mich 387, we held that there was no authority for a municipality to require that lots be conveyed to a city for park purposes in order for the owners to gain approval of the plats.

To require such a conveyance prior to approval of the plats is tantamount to compulsion since there is no statutory, or other authority to do so. In the instant controversy the parties were subject to the provisions of PA 1929, No 172 (CL 1948, § 560.1 *et seq.,* as amended [Stat Ann 1953 Rev and Stat Ann 1957 Cum Supp § 26.431 *et seq.*]), in the preparation and approval of the plats.

Under the above plat statute there was no authority to impose or require that plaintiffs comply with the demand made by the village of Wayne that property, or its monetary equivalent, be donated for park purposes. Plaintiff Harold H. Gordon testified that plaintiffs were induced to believe that unless a donation was made for park purposes, approval of the plats would not be granted by the Wayne village council, and defendant's manager, Wallace Arrowsmith, also testified that it was a policy of the village to require land for park purposes in new developments.

The record sustains the conclusion that the demand by the village for land, or its monetary equivalent, for park purposes is within the general rule of *Ridgemont, supra,* wherein such requirement is regarded as a compulsion upon the owners, not authorized by the statute.

We, therefore, hold that in complying with such demand plaintiffs acted under compulsion and are entitled to recovery of that amount.

Payment to the village for inspection of installation of improvements was neither authorized by the plat statute nor by local ordinance. Sums expended by plaintiffs in this respect are recoverable since the municipality was charging plaintiffs for what the village was obligated to perform, and, therefore, no consideration existed as to the inspection payments.

Defendant's contention that the moneys were paid by the Valley Construction Company and that plaintiffs are not the real parties in interest is without merit, since the record is clear that Valley Construction Company is owned and controlled by plaintiffs. The defendant is not subject to further suit by Valley Construction Company regarding the instant controversy.

The judgment of the lower court is reversed in part and affirmed in part, and the case remanded for

entry of judgment in conformity with this opinion. Neither party having fully prevailed, no costs are allowed.

CARR, C. J., and DETHMERS, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.