SCHWALL *v.* CITY OF DEARBORN

1. DISMISSAL AND NONSUIT—LACK OF PROGRESS—REINSTATEMENT.

Reinstating a suit which had been dismissed for lack of progress was not improper where the dismissal order provided that it was without prejudice.

2. ADMINISTRATIVE LAW—MUNICIPAL CORPORATIONS—ADMINISTRATIVE REMEDY—EXISTENCE OF REMEDY.

A party bringing an action against a city must have an administrative remedy open to him before he can be required to exhaust his administrative remedies.

3. ADMINISTRATIVE LAW—MUNICIPAL CORPORATIONS—ADMINISTRATIVE REMEDY—ADEQUATE REMEDY.

Contention that a city employee, who damaged city property, was requested to pay for it, retired, and sued the city for the money paid should have refused to pay, been dismissed or suspended, and then appealed his dismissal was totally without merit, because such a course of action is not an adequate administrative remedy.

4. MUNICIPAL CORPORATIONS—DAMAGE TO CITY PROPERTY—PAYMENT FOR DAMAGE—DISCIPLINARY ACTION.

A city cannot use a threat of disciplinary action to collect for damage to city property in the absence of authority conferred by statute or ordinance.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 79–93.
[2] 1 Am Jur 2d, Administrative Law § 595 *et seq.*
[3] 1 Am Jur 2d, Administrative Law §§ 602–605.
[4] 15 Am Jur 2d, Civil Service § 36.

Appeal from Wayne, Cornelia G. Kennedy, J. Submitted Division 1 January 5, 1971, at Detroit. (Docket No. 9411.)  Decided February 25, 1971.

Complaint by Charles F. Schwall, Jr., against the City of Dearborn for recovery of monies paid for damaging city property.  Judgment for plaintiff. Defendant appeals.  Affirmed.

*James Thomson,* for plaintiff.

*Joseph J. Burtell,* City Attorney, and *Carl P. Garlow,* Assistant City Attorney, for defendant.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM.  The plaintiff brought suit against the City of Dearborn seeking to recover $1,094.77. He contends he was illegally coerced into paying the city this amount.  The trial judge in a nonjury trial granted a judgment in this amount and we affirm.

The facts as found by the trial judge and supported by the records show that the plaintiff was employed by the city as a policeman.  In 1962 he was in three accidents that caused damage to police cars.  The chief of police spoke to the plaintiff about the accidents and as a result of this the plaintiff was led to believe that he would be suspended or dismissed unless he reimbursed the city for the damage.  If the plaintiff were suspended or dismissed it was possible he would lose his pension rights. Acting under this duress, the plaintiff made payment and shortly thereafter retired.  After retirement he commenced this action.

The city civil service regulations provided that an employee could be dismissed for negligently

damaging city property. However, there is no provision in the regulations or anywhere else authorizing the city to use this method to recover damages.

On appeal the city raises three issues. It contends that the suit was improperly reinstated after it had been dismissed, that the plaintiff failed to exhaust his administrative remedies, and that the plaintiff had voluntarily offered to pay the money.

The case had at one time been dismissed for lack of progress; however, the order provided that it was without prejudice. Thus, it was not error to reinstate the cause.

Before one can be required to exhaust his administrative remedies he must have an administrative remedy open to him. Under the city's argument the plaintiff would have been forced to refuse to pay and then appeal his dismissal or suspension. We do not regard this as an adequate remedy.

The trial court found that the plaintiff had paid the money because of a threatened dismissal or suspension. We are not able to say that this finding was clearly erroneous. GCR 1963, 517.1. In the absence of authority conferred by statute or ordinance we do not believe the city can use a threat of disciplinary action to collect for damage to city property. See *Gordon* v. *Village of Wayne* (1963), 370 Mich 329.

Affirmed. Costs to plaintiff.