ADDISON TOWNSHIP v GOUT

Docket No. 98299. Submitted January 6, 1988, at Lansing. Decided May 11, 1988.

Addison Township brought an action in the Oakland Circuit Court against Peter Gout, Lakeville Gas Associates and the Department of Natural Resources to enjoin the completion of a pipeline and shut down a natural gas processing plant, alleging violation of the local zoning ordinance, the Environmental Protection Act and other state laws. The court, David F. Breck, J., dismissed the complaint, holding that it had no jurisdiction. Plaintiff appealed.

The Court of Appeals *held:*

1. Gas conditioning plants, compression facilities, and pipelines used in the production of natural gas fall within the jurisdiction of the Supervisor of Wells and are not subject to control by township zoning ordinances.

2. The court erred in dismissing the claim under the Environmental Protection Act for failure to exhaust administrative remedies. The Environmental Protection Act does not require the exhaustion of administrative remedies before seeking a judicial remedy under the act.

3. The court properly dismissed the claims under the other state laws since they did require exhaustion of administrative remedies.

Affirmed in part, reversed in part and remanded.

1. Gas and Oil — Conditioning Plants — Compression Facilities — Pipelines — Zoning — Jurisdiction.

Gas conditioning plants, compression facilities, and pipelines used in the production of natural gas fall within the jurisdiction of the Supervisor of Wells and are not subject to control by township zoning ordinances (MCL 125.271, 319.1; MSA 5.2963[1], 13.139[1]).

References

Am Jur 2d, Administrative Law §§ 788 *et seq.*

Am Jur 2d, Zoning and Planning §§ 137-139.

See the Index to Annotations under Administrative Law; Gas and Oil; Primary Jurisdiction Doctrine; Zoning.

2. Environment — Environmental Protection Act — Exhaustion
    of Administrative Remedies — Appeal.
    The Environmental Protection Act does not require the exhaus-
    tion of administrative remedies before seeking a judicial rem-
    edy under the act (MCL 691.1251 *et seq.*; MSA 14.528[201] *et
    seq.*).

*Robert L. Bunting,* for plaintiff.

*DeMarco & Sage, P.C.* (by *John A. DeMarco*), for
defendants.

Before: Cynar, P.J., and Beasley and K. B.
Glaser,* JJ.

Per Curiam. Plaintiff, Township of Addison,
appeals as of right from an order denying its
request for injunctive relief and dismissing its
complaint against defendants, Peter Gout, Lake-
ville Gas Associates and the Department of Natu-
ral Resources.[1]

Plaintiff had rezoned certain property to enable
Michigan Consolidated Gas Company to construct
a gas conditioning plant in order to permit the
production of natural gas generated from the Leo-
nard gas field located within plaintiff's boundaries.
On August 6, 1973, plaintiff agreed to allow Michi-
gan Consolidated to install a gas conditioning
plant and gas compression facilities for the storage
of natural gas in the Leonard gas field. The agree-
ment stated that the facility would be removed
within five years after commencement of gas pro-
duction from the Leonard field. The deadline could
be extended under the agreement and the agree-
ment, by its own terms, was binding upon the
successors and assigns of the parties. Michigan
Consolidated posted a $300,000 performance bond.

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The trial court also dismissed the complaint of intervening plain-
tiff, Oakland County Board of Road Commissioners.

The plant was built close to the Village of Leonard, within the boundaries of plaintiff township. On July 2, 1979, plaintiff and Michigan Consolidated amended the 1973 agreement to extend Michigan Consolidated's right to operate the facility until such time as the Leonard gas field was depleted.

On August 12, 1984, Michigan Consolidated sold its interest to defendants Peter Gout and Lakeville Gas Associates. In 1985, Lakeville obtained a permit from defendant DNR allowing temporary operation of the plant. Lakeville also obtained a DNR permit allowing construction of an underground pipeline from a Macomb County well to the Addison Township processing plant. Lakeville completed the pipeline in 1986. It also obtained a permit to begin moving hydrogen sulfide, a natural gas, from Macomb County to Addison Township.

After substantial construction of the pipeline, plaintiff filed the instant suit to enjoin completion of the pipeline or shut down the processing plant. Plaintiff alleged violations of the local zoning ordinance, the Michigan Environmental Act,[2] the Wetland Protection Act,[3] and the Inland Lakes and Streams Act.[4] At the conclusion of a November 5, 1986, evidentiary hearing, the Oakland Circuit Court ruled that it had no jurisdiction over the dispute. The court denied the preliminary injunction request and dismissed the action.

On appeal, plaintiff contends that the trial court erred in finding that the Township Rural Zoning Act vests jurisdiction over the operation of natural gas processing facilities exclusively in the DNR. The bulk of plaintiff's claims stem from violations of the local zoning ordinance.

---

[2] MCL 691.1201 et seq.; MSA 14.528(201) et seq.

[3] MCL 281.701 et seq.; MSA 18.595(51) et seq.

[4] MCL 281.951 et seq.; MSA 11.475(1) et seq.

The ability of a township to pass and enforce zoning codes comes from the Township Rural Zoning Act,[5] which states in pertinent part:

> A township board shall not regulate or control the drilling, completion, or operation of oil or gas wells, or other wells drilled for oil or gas exploration purposes and shall not have jurisdiction with reference to the issuance of permits for the location, drilling, completion, operation, or abandonment of those wells. The jurisdiction relative to wells shall be vested exclusively in the supervisor of wells of this state, as provided in Act No. 61 of the Public Acts of 1939, being sections 319.1 to 319.27 of the Michigan Compiled Laws.

The DNR director acts as Supervisor of Wells.[6] The question presented here is whether defendants' natural gas processing plant and pipeline fit within the reservation of powers to the Supervisor of Wells. The question can be reduced to whether defendants' plant and pipeline fall within the meaning of "location, drilling, completion, operation, or abandonment of . . . wells," as contemplated by MCL 125.271; MSA 5.2963(1).

Nothing in the zoning act or the statutes delineating the duties of the Supervisor of Wells indicates that the Legislature specifically considered processing plants, compression facilities and pipelines to be within the jurisdiction of the Supervisor of Wells. However, MCL 319.1; MSA 13.139(1) declares the policy which the Supervisor of Wells must administer and enforce,[7] and provides in part:

> It is accordingly the declared policy of the state

---

[5] MCL 125.271 *et seq.*; MSA 5.2963(1), *et seq.*

[6] MCL 319.3; MSA 13.139(3).

[7] MCL 319.5; MSA 13.139(5).

to protect the interests of its citizens and land owners from unwarranted waste of gas and oil and foster the development of the industry along the most favorable conditions and with a view to the ultimate recovery of the maximum production of these natural products. To that end this act is to be construed liberally in order that effect may be given to sound policies of conservation and the prevention of waste and exploitation.

By construing liberally the powers of the Supervisor of Wells, we conclude that the DNR director does have jurisdiction over the regulation of defendants' gas processing plant and pipeline. When it enacted the Township Rural Zoning Act and established a Supervisor of Wells, the Legislature implemented a policy of state control of oil and gas production. The processing and transportation of natural gas is necessary to obtain maximum benefit from the resources extracted from wells. Processing plants, like wells, appear to be necessary structures whose benefits citizens enjoy but whose facilities make undesirable neighbors. Recognizing this problem, the Legislature appears to say that localities cannot prevent resource development for parochial reasons. The trial court correctly ruled that the Township Rural Zoning Act vests jurisdiction over defendants' operations in the DNR.

Because we affirm the lower court's ruling that defendants' plant and pipeline are not subject to the local zoning ordinance, we need not address plaintiff's claims regarding contract zoning and nuisance per se.

Finally, plaintiff argues that the lower court improperly dismissed its claims under the EPA, Wetland Protection Act and Inland Lakes and Streams Act. The court apparently dismissed the claims based on lack of jurisdiction. Both the Wetland and Inland Lakes acts require exhaustion

of administrative remedies before court actions can be brought under the acts.[8] The Michigan EPA, however, does not require exhaustion of administrative remedies before judicial review is sought.[9] Accordingly, we reverse the lower court to the extent that it dismissed plaintiff's EPA claims. We remand the case to the court below with directions to proceed to trial on the EPA claims stated in plaintiff's complaint.

Affirmed in part, reversed in part and remanded.

[8] MCL 281.717; MSA 18.595(67); MCL 281.961; MSA 11.475(11).

[9] *Ray v Mason Co Drain Comm'r*, 393 Mich 294, 305-306; 224 NW2d 883 (1975); MCL 691.1202(1); MSA 14.528(202)(1).