TOWNSHIP OF HOLLY v DEPARTMENT OF NATURAL
RESOURCES

Docket No. 119028. Submitted March 11, 1991, at Detroit. Decided
June 3, 1991, at 9:20 A.M.

Holly Township and others filed complaints in the Oakland
Circuit Court against the Department of Natural Resources,
Holly Disposal, Inc., and William H. Leoni, Sr., challenging the
issuance of a permit by the DNR to Holly Disposal and Leoni to
construct and operate a solid waste landfill on the ground that
notice of the application was never published in a newspaper
and seeking relief. The court, Fred M. Mester, J., found that
the Michigan Environmental Protection Act, MCL 691.1201 *et
seq.*; MSA 14.528(201) *et seq.*, had been violated and that the
permit was not validly issued, and issued a permanent injunc-
tion barring Holly Disposal and Leoni from constructing or
operating the landfill and the DNR from issuing a permit for the
landfill. Holly Disposal and Leoni appealed.

The Court of Appeals *held:*

1. Neither the Michigan Environmental Protection Act nor
the Solid Waste Management Act, MCL 299.401 *et seq.*; MSA
13.29(1) *et seq.*, require the plaintiffs to exhaust their adminis-
trative remedies before seeking judicial review.

2. Because this was not an action for a declaratory judgment,
the plaintiffs were not required to obtain a ruling from the
appropriate administrative agency regarding the validity of the
rules promulgated under the Solid Waste Management Act,
pursuant to MCL 24.264; MSA 3.560(164), before having the
validity of the rules determined by the trial court.

3. There was a lack of substantial compliance with the
notification provisions of the Solid Waste Management Act, and
material prejudice resulted from the lack of notice. The permit
therefore was not authorized by law and is invalid. Thus, the
trial court never should have reached the issue whether a
permanent injunction should have been issued. The permanent
injunction must be vacated and the case remanded to the DNR
for issuance of notice of the permit application and evaluation
of the revised engineering plans in determining whether to
grant a permit.

Affirmed in part, reversed in part, and remanded.

*Booth, Patterson, Lee, Karlstrom & Steckling*
(by *Parvin Lee, Jr.*), for the Township of Holly,
Township of Grand Blanc, City of Grand Blanc,
and City of Burton.

*Robert L. Bunting,* for Mt. Holly Ski Area, Inc.

*Richard J. Quist,* for Holly Disposal, Inc., and
William H. Leoni, Sr.

Before: BRENNAN, P.J., and MICHAEL J. KELLY
and D. F. WALSH,* JJ.

BRENNAN, P.J. Defendants Holly Disposal, Inc.,
and William H. Leoni, Sr., president of Holly
Disposal, appeal as of right from a June 28, 1989,
permanent injunction order issued by Oakland
Circuit Judge Fred Mester, barring those defen-
dants from further construction of a solid waste
landfill and precluding defendant Department of
Natural Resources from issuing a permit for the
landfill to Holly Disposal. We affirm in part, re-
verse in part, and remand the case to the DNR to
issue public notice of Holly Disposal's permit appli-
cation.

On October 21, 1981, defendants Holly Disposal,
Inc., and William Leoni applied to the DNR for a
permit to construct the landfill in issue. After
giving notice in the local newspaper and holding a
public hearing, the DNR denied the permit. On
May 20, 1982, Holly Disposal and Leoni again
applied for a permit to construct the landfill.
Notice was again given inviting comments and,
once again, the permit was denied. After the filing
of a third application on September 23, 1982, a
construction permit was granted. Notice of the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

third application, however, was never published in a newspaper. Thereafter, on January 28, 1983, the Township of Holly, the Township of Grand Blanc, the City of Grand Blanc, and the City of Burton filed a complaint, challenging the permit and seeking injunctive relief to prevent construction and operation of the landfill. The complaint alleged violations of the Solid Waste Management Act (SWMA),[1] the clean water act,[2] the Environmental Protection Act (MEPA),[3] and the Holly Township zoning ordinances.

The court granted a temporary injunction preventing construction of the landfill pending trial. On September 23, 1983, Mt. Holly Ski Area, Inc., commenced a separate action, alleging identical theories. In addition, the Mt. Holly action alleged private nuisance and joined William H. Leoni, Sr., in the action. The cases were consolidated and the court dismissed the zoning violation counts of each complaint, finding that the SWMA preempted the ordinances. By stipulation, the trial judge decided the case after conducting a six-day bench trial and viewing videotaped depositions which were admitted as substantive testimony. The court found that the MEPA had been violated and issued a permanent injunction barring Holly Disposal and Leoni from constructing or operating the landfill and the DNR from issuing a permit for the landfill. The court further found that the permit issued to Holly Disposal was not validly issued because the third application was not published in the newspaper, because the corporation was not a legal entity, and because rules promulgated under the SWMA were violated. Defendants Holly Disposal, Inc., and William H. Leoni, Sr., appeal this ruling.

[1] MCL 299.401 et seq.; MSA 13.29(1) et seq.
[2] MCL 323.1 et seq.; MSA 3.521 et seq.
[3] MCL 691.1201 et seq.; MSA 14.528(201) et seq.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants contend that because plaintiffs failed to intervene or contest the DNR's action of granting defendants a permit before seeking judicial review, they failed to exhaust their administrative remedies. Defendants therefore assert that the trial court lacked jurisdiction to hear the case. Count II of plaintiffs' complaint alleges a violation of the MEPA. The MEPA does not require exhaustion of administrative remedies before judicial review is sought.[4] Therefore, the trial court properly heard plaintiffs' claims under the MEPA. It is less clear whether plaintiffs were required to exhaust all administrative remedies before seeking judicial review of count I of their complaint, which alleges violations under the SWMA.

Unlike the Wetland Protection Act[5] and the Inland Lakes and Streams Act,[6] the SWMA does not mandate that plaintiffs exhaust administrative remedies before filing suit. In fact, the SWMA indicates the following:

(1) The director or a health officer may request that the attorney general bring an action in the name of the people of the state, or a municipality or county may bring an action based on facts arising within its boundaries, for any appropriate relief, including injunctive relief, for a violation of this act or rules promulgated pursuant to this act.

* * *

(4) This act shall not be construed to preclude any person from commencing a civil action based on facts which may also constitute a violation of this act. . . . [MCL 299.433; MSA 13.29(33).]

[4] *Addison Twp v Gout,* 171 Mich App 122, 127; 429 NW2d 612 (1988), rev'd on other grounds (*On Rehearing*), 435 Mich 809; 460 NW2d 215 (1990).

[5] MCL 281.701 *et seq.*; MSA 18.595(51) *et seq.*

[6] MCL 281.951 *et seq.*; MSA 11.475(1) *et seq.*

Further, before one can be required to exhaust administrative remedies, he must have administrative remedies available to him.[7] In the instant case, there is no avenue of review available to the plaintiffs other than requesting a public hearing and filing written comments concerning the permit application.[8] The SWMA does not provide any additional administrative relief. Furthermore, even if an avenue of relief was available to plaintiffs, exhaustion of remedies is not required since it would be futile to obtain relief because the administrative decision maker is predisposed to rule against the plaintiffs.[9] Invalidating the permit would require the DNR to admit it erred in issuing the permit. Therefore, we find that plaintiffs were not required to exhaust administrative remedies under either the SWMA or the MEPA.

Defendants also argue that plaintiffs failed to exhaust administrative remedies because they failed to get a declaratory ruling regarding the validity of the rules promulgated under the SWMA pursuant to MCL 24.264; MSA 3.560(164). Defendants rely on the language of that section which states:

An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.

However, the entire section provides as follows:

Unless an exclusive procedure or remedy is provided by a statute governing the agency, the

[7] *Schwall v Dearborn,* 31 Mich App 169, 171; 187 NW2d 543 (1971).

[8] MCL 299.411; MSA 13.29(11).

[9] *Michigan Waste Systems, Inc v Dep't of Natural Resources,* 157 Mich App 746, 759; 403 NW2d 608 (1987).

validity or applicability of a rule may be determined in an action for declaratory judgment when the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The action shall be filed in the circuit court of the county where the plaintiff resides or has his principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously. *This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted.* [MCL 24.264; MSA 3.560(164). Emphasis added.]

In the present case, plaintiffs' suit was not a declaratory judgment action. Therefore, this statute is inapplicable and plaintiffs could have the validity of the rules promulgated under the swma determined by the trial court.[10]

## NOTICE

Defendants argue that the trial court erred in finding that the issued construction permit was invalid for lack of notice. Defendants contend that literal compliance with the rule requiring notification and an opportunity for a public hearing was not warranted because defendants substantially complied with the notice provisions and because plaintiffs failed to show material prejudice.

---

[10] We note that because the outcome of the instant case does not turn on the validity of the rules promulgated under the swma, any error in this regard would be harmless.

The SWMA provides that notification and opportunity for hearing must be provided before a construction permit may be issued. Specifically, the statute states in pertinent part as follows:

(2) Upon receipt of a construction permit application, the director or an authorized representative of the director shall:

(a) Immediately notify the clerk of the municipality in which the disposal area is located or proposed to be located, the local soil erosion and sedimentation control agency, each division within the department that has responsibilities in land, air, or water management, and the designated regional solid waste management planning agency.

(b) Publish a notice in a newspaper having major circulation in the vicinity of the proposed disposal area. The required published notice shall contain a map indicating the location of the proposed disposal area and shall contain a description of the proposed disposal area and the location where the complete application package may be reviewed and where copies may be obtained.

(c) Indicate in the public, departmental, and municipality notice that the department shall hold a public hearing in the area of the proposed disposal area if a written request is submitted by the applicant or a municipality within 30 days after the date of publication of the notice, or by a petition submitted to the department containing a number of signatures which is equal to not less than 10% of the number of registered voters of the municipality where the proposed disposal area is to be located who voted in the last gubernatorial election. The petition shall be validated by the clerk of the municipality. The public hearing shall be held after the director makes a preliminary review of the application and all pertinent data and before a construction permit is issued or denied. [MCL 299.411; MSA 13.29(11).]

The rationale for the notice requirement is to

allow interested and affected persons the opportunity to be heard. Due process requires that in any proceeding involving notice, the notice must be reasonably calculated, under all circumstances, to apprise interested parties of the pending action, and afford them an opportunity to present objections.[11]

In support of their argument, defendants cite two cases for the proposition that failure to follow mandatory notice provisions is harmless error where compliance with the provision was substantial or where no material prejudice resulted. *Livonia v Dep't of Social Services,* and *Montiy v East Detroit Civil Service Bd.*[12] The instant case is clearly distinguishable from the cases cited by defendants. Neither case cited by the defendants dealt with an environmental statute requiring the public to be notified before the issuance of a permit. Further, unlike *Livonia,* in the instant case there was a lack of substantial compliance with the notification provisions. After the third permit application, the DNR did not contact the affected municipalities or townships and it failed to give notice in a newspaper of general circulation.

Giving the requisite notice and publication for the first permit application and possibly even for the second permit application is not sufficient notice once a third permit application is received by the DNR. Individuals having recently moved into the community, who had no knowledge of the prior application announcements, or individuals who lacked the desire to get involved during the first or second application processes, may have become involved upon receiving notice of the third application. It was also necessary for those who

---

[11] *Trussell v Decker,* 147 Mich App 312, 323; 382 NW2d 778 (1985).

[12] 123 Mich App 1; 333 NW2d 151 (1983), aff'd 423 Mich 466 (1985); 54 Mich App 510; 221 NW2d 248 (1974).

had already objected to the landfill to review the new application to see if the changes made alleviated their concerns regarding the first two applications. Therefore, we find no merit in defendants' argument that the DNR was already aware of the public concerns regarding the landfill, satisfying the purpose of the notice provision. Defendants claim some individuals had actual notice of the submission of the third permit application. However, even if this were true, it is clear that not all interested parties had knowledge that the third permit application had been filed. Therefore, there was not substantial compliance with the notice provision.

Further, unlike *Montiy,* plaintiffs in the instant case did demonstrate that material prejudice resulted. Mr. Wilbur Swarthout, the Holly Township supervisor, testified that he did not become aware of the third application until December 16, 1982, and by the time he contacted the Michigan Environmental Review Board to schedule a meeting the following day, the DNR had already granted the permit. Failing to issue a public notice denies affected citizens and municipalities the knowledge or opportunity to call a public hearing. Because the DNR failed to give the requisite notice concerning the third application for a construction permit, the permit was not authorized by law and is invalid.

Defendants argue that the trial judge erred in ruling that the permit was invalid because Holly Disposal was not a de jure corporation at the time of issuance. Defendants further argue that the trial court erred in substituting its judgment for that of the administrative agency. However, assuming the trial court did err, the errors would be harmless since the permit was not authorized by

law because of the lack of notice. Therefore, we need not address these issues.

Defendants contend that the permanent injunction barring defendants from ever operating a landfill on the site in question is an unauthorized taking because the plaintiffs have failed to demonstrate irreparable or immediate harm. Defendants also maintain that the court failed to consider revised engineering plans before granting the injunction. However, because we found that the permit was improperly granted, we conclude that the trial court never should have reached the issue whether a permanent injunction should issue. Therefore, we vacate the permanent injunction and remand the case to the DNR to issue notice of the permit application. On remand, the DNR should evaluate the revised engineering plans in determining whether to grant a permit.

Affirmed in part, reversed in part, and remanded to the DNR to evaluate the revised engineering plans pursuant to today's scientific technology and to issue public notice of the permit application. We do not retain jurisdiction.