DYER v DEPARTMENT OF STATE POLICE

Docket No. 60482. Submitted June 3, 1982, at Lansing.—Decided August 26, 1982.

In 1975, the Department of State Police restricted nonduty use of departmental vehicles so that only employees who were directly involved in the delivery of police services and subject to emergency calls would be permitted nonduty use of the vehicles. Following a grievance filed by the Michigan State Police Troopers and Sergeants Association and 83 individual officers which resulted in a settlement, the department adopted the policy that vehicles were assigned to positions and not individuals and that those positions which, at that time, allowed nonduty use of a vehicle would be individually evaluated as they became vacant. Thomas Dyer, Clare Fox, Robert Denhouten, and James Burdick were assigned to the Private Security and Investigator Section during 1978 and 1979 and were thus subject to the amended 1975 policy. The positions to which these officers were assigned were not among those positions certified for continued nonduty vehicle use. The supervisor of these officers permitted them to use the vehicles asigned to the section for nonduty use until ordered to terminate such use in January, 1980. Dyer, Fox, Denhouten, and Burdick and the Michigan State Police Troopers Association, Inc., filed a grievance with the Civil Service Commission seeking restoration of the nonduty use of the vehicles. The grievance was denied. A petition for review was filed in circuit court. The Ingham Circuit Court, Thomas R. Roberts, J., denied the petition. Petitioners appeal. *Held:*

1. Petitioners herein, not having been parties to the prior grievance, may not rely upon the provisions of the settlement of that prior grievance, that agreement by its own provisions being applicable only to the grievants who signed it.

2. Since the petitioners' nonduty use of departmental vehicles resulted from permission granted by their section supervisor

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 70 Am Jur 2d, Sheriffs, Police, and Constables § 105.

[2] 48A Am Jur 2d, Labor and Labor Relations § 1764 *et seq.*

[3] 16A Am Jur 2d, Constitutional Law § 746 *et seq.*

and said granting of permission by the supervisor was beyond the bounds of the supervisor's authority, such permission could not ripen into an implied contractual right which would defeat the express departmental policies that were in existence.

3. The policy adopted by the Department of State Police does not infringe on any policy adopted by the Civil Service Commission and was within the statutory authority of the department to prescribe the equipment that will be used by its officers.

4. The policy as adopted, whereby those officers directly involved in the delivery of police services and are subject to emergency call would be permitted nonduty use of departmental vehicles, has a rational basis and does not violate the petitioners' right to equal protection of the law.

Affirmed.

1. LABOR RELATIONS — IMPLIED CONTRACT.

Permissive use of police vehicles for nonduty uses does not give rise to an implied contractual right to continued use of police vehicles for nonduty uses.

2. CIVIL SERVICE — LABOR RELATIONS — STATE POLICE.

A state appointing authority may adopt employment regulations and policies governing its employees if there is no controlling regulation issued by the Civil Service Commission; there being no Civil Service Commission regulation of nonduty use of state police vehicles by state police officers, the Department of State Police, through its director, may adopt policies relative to nonduty use of such vehicles pursuant to the statutory authority to prescribe the equipment that will be used by state police officers (MCL 28.7; MSA 4.437).

3. CONSTITUTIONAL LAW — EQUAL PROTECTION — LABOR RELATIONS — STATE POLICE.

The right to equal protection of the law does not prohibit discrimination between different classes of persons so long as the classifications used are not arbitrary and capricious and have some reasonable basis; there exists a rational basis for permitting nonduty use of state police vehicles by officers subject to emergency call while denying such nonduty use to officers not subject to emergency call.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Lawrence P. Schneider*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Jann Ryan Baugh* and *Michael J. Hodge*, Assistants Attorney General, for respondent.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. Petitioners petitioned the trial court for review of a grievance decision of the Michigan Civil Service Commission which denied the petitioners' grievance protesting limitations on the "nonduty use" of Michigan State Police departmental vehicles. The trial court denied the petition for review; petitioners appeal by right.

Petitioners' grievance stems from a 1975 policy change by respondent Michigan Department of State Police (hereafter "respondent") which placed certain limits on the nonduty use—*i.e.,* driving from home to work and back—of departmental vehicles. The policy statement established that nonduty use would be restricted to employees who were directly involved in the delivery of police services and subject to emergency calls. The statement specifically identified those departmental positions which were certified for nonduty vehicle use based upon the stated criterion. The positions held by the petitioners were not among those certified to continue nonduty vehicle use.

Shortly after the statement was issued, the Michigan State Police Troopers and Sergeants Association and 83 individual officers (not including the petitioners) filed a civil service grievance, challenging the respondent's decision to exclude their positions from the list of those certified to continue nonduty vehicle use. Before the grievance could be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

adjudicated, the parties involved reached a settlement agreement which allowed the grievants certain specified nonduty use of their departmental vehicles. A week later, the respondent issued another directive pertaining to vehicle use. The directive reiterated the departmental policy that vehicles were assigned to positions and not to individuals and that those positions which, at that time, were allowed the nonduty use of a vehicle were to be individually evaluated as they became vacant. This, then, was the established policy when the petitioners accepted their present assignments.

Petitioners were assigned to the Private Security and Investigator Section during 1978 and 1979 and, as part of their investigative work, were required to travel extensively throughout the state. Petitioners' section supervisor allowed them to use the vehicles assigned to the section for nonduty use until ordered to terminate such use in January, 1980. The ensuing grievance followed.

Petitioners' argument on appeal is twofold: 1) that the trial court reversibly erred in determining that the hearing officer's decision in favor of the respondent was supported by competent, material, and substantial evidence on the record, and 2) that the trial court should have reversed the hearing officer's decision because the decision failed to include specific findings of fact regarding each of the arguments the petitioners had raised at the hearing.

We find that the trial court was correct in determining that the hearing officer's decision was supported by competent, material, and substantial evidence. Respondent's policy statements, issued before the petitioners accepted their present assignments, clearly reveal that the respondent had

committed itself to a department-wide practice of assigning vehicles to positions, not to individuals and limiting the nonduty use of such vehicles to those officers who are subject to emergency call, which the plaintiffs are not. This practice was modified only to the extent of the 1975 settlement agreement which allowed certain employees the nonduty use of their departmental vehicles. Petitioners' reliance on this agreement is misplaced; petitioners were not parties to that grievance which was settled and the resulting agreement expressly includes only the specified grievants who signed it.

Plaintiffs rely on *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), for the proposition that the respondent's expressed employment policies justified the petitioners' belief that, once the respondent granted them the nonduty use of state vehicles, that privilege was irrevocable as long as the petitioners continued to hold their respective positions. In *Toussaint,* the Michigan Supreme Court held that certain employment practices, such as hiring for an indefinite period of time but having an established policy of discharging only for just cause, can give rise to implied contractual rights in an employee grounded in the employee's legitimate expectations based on the employer's statements of policy. *Id.,* 614-615. We find that the *Toussaint* decision is not relevant here because the rights and duties of the respective parties relative to departmental vehicle use are not regulated by implication. Rather, they are controlled by the express terms of the official policy statements which prohibit the petitioners from enjoying the nonduty use of departmental vehicles. Furthermore, the respondent did not grant the petitioners

the nonduty use of their state vehicles, rather, it appears that the petitioners' section supervisor went beyond the bounds of his authority by allowing the petitioners to engage in such use. This does not counteract the fact that, given the express policies in existence, the petitioners knew or should have known that their positions would not necessarily carry the nonduty use of a departmental vehicle, and thus, no implied contractual rights arise for the petitioners on the basis of their prior nonduty vehicle use.

We also find that the hearing officer's decision need not be reversed merely because the hearing officer did not·enter findings of fact and conclusions of law on each of the petitioners' arguments advanced at the hearing. Five of those arguments were based on the assumption that the 1975 settlement agreement applied to the petitioners; at least those allegations were therefore resolved by the hearing officer's finding that the agreement did not apply. The two remaining arguments raised by the petitioners at the grievance hearing, *i.e.,* (1) that the order terminating the petitioners' nonduty vehicle use infringed on the Civil Service Department's power to regulate conditions of employment; and (2) that it violated the petitioners' equal protection rights, may be disposed of as a matter of law.

It is well established that an appointing authority, such as the respondent, may adopt employment regulations and policies governing its employees if there is no contrary controlling regulation issued by the Civil Service Commission. *Michigan State Employees Ass'n v Civil Service Comm,* 91 Mich App 135; 283 NW2d 672 (1979), *lv den* 407 Mich 938 (1979); *MacLellan v Dep't of Corrections,* 373 Mich 448; 129 NW2d 861 (1964). Petitioners

have not pointed to any Civil Service Commission regulation which was violated by the respondent's restriction on state police officers' nonduty use of departmental vehicles. Furthermore, in this instance the respondent, through its director, is also vested with statutory authority to prescribe the equipment that will be used by its officers. MCL 28.7; MSA 4.437. Consequently, the petitioners' allegation that the respondent has infringed upon the exclusive jurisdiction of the Civil Service Commission by regulating vehicle use by classified employees cannot be sustained as a matter of law.

Finally, the petitioners alleged in their original grievance that they were denied the equal protection of the law because other employees, similarly situated, have been given vehicle use privileges.

Equal protection guarantees do not prohibit discrimination between different classes of persons so long as the classifications used are not arbitrary and capricious, but rather, have some reasonable basis. *Tomlinson v Tomlinson,* 338 Mich 274, 278; 61 NW2d 102 (1953); *Welfare Employees Union v Civil Service Comm,* 28 Mich App 343, 353; 184 NW2d 247 (1970), *lv den* 384 Mich 824 (1971).

In the present case, the respondent has pointed to a rational basis for its classification which excludes the petitioners from those entitled to continued nonduty use of departmental vehicles. The criterion for determining entitlement to this benefit was set forth in the original 1975 policy statement, which reserved the "nonduty use of departmental cars for those officers who are directly involved with the delivery of police services and are subject to emergency call". There is nothing unreasonable about a policy which limits nonduty vehicle use to those officers who are subject to emergency call. Michigan suffers from a severe

fiscal crisis; as a result, any rule which would limit the unnecessary use of state department resources (in this case, state police vehicles) has some rational basis. However, the state also has a need to ensure that officers who are on emergency call have ready access to, and proper maintenance of, their vehicles, so that they can perform their tasks with the utmost efficiency. Respondent's rule allowing officers on emergency call to continue nonduty use of their vehicles promotes this legitimate state interest. It is worth noting that the phrase "emergency call" denotes situations in which time is most definitely of the essence; it is particularly beneficial to formulate a special rule for such situations. Although the petitioners' investigative work is undoubtedly important, it seldom involves situations in which time is of the essence. At most, we find that the petitioners have shown that it would be somewhat more convenient for them if they were able to continue the nonduty use of their vehicles, but they have made no showing that their work is analogous to that of officers on emergency call. We find that the respondent's policies do not deny the petitioners equal protection under the law.

Affirmed.