## SIGMAN v RUDOLPH WURLITZER CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5170. Decided Feb 8, 1937

Roy Manogue, Cincinnati, and J. Lewis Homer, Cincinnati, for appellee.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, and Henry B. Street, Cincinnati, for Appellant.

### OPINION

By TATGENHORST, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton county.

Suit was instituted by the appellee to recover from the appellant the amount of a pension claimed to be due him by reason of his compliance with the terms of the pension requirements.

The appellant was engaged in the business of manufacture and sale of musical instruments. The appellee had been in the employ of the appellant for more than 27 years, when he was discharged because it had no further employment to which he was suited. He had served appellant as order clerk, salesman on the road, manager of its victrola department, wholesale and retail, manager in charge of its wholesale radio department.

From time to time during his employment, the appellant issued booklets containing various declarations covering the institution of a pension system, applicable to its employes and including the appellee. That such program was calculated to, and did induce continued service in the corporation there can be no question. It constituted a continuing offer on the part of the company, which was continuously accepted by the employes who preserved their status with the company. We quote from the booklet:

"He who serves best receives most."
"Rules for Your Success

And the policy outlined for your welfare. The Rudolph Wurlitzer Co.

Cincinnati, Chicago, New York, and all principal cities.

## "FOR YOU

"This booklet was written for you. It was written for your interest and the attention of every employee throughout the enormous organization of The Rudolph Wurlitzer Co.

"There is something on every page of this booklet that should be of vital importance to you, that is, of course, if you desire to become successful with the vast amount of opportunities before you. The employees who shoulder the greatest responsibilities and have become most successful in our organization today are only those who have strictly adhered to and closely observed the simple but necessary rules and policies.

"After all, the important part of any rule is the spirit of it. This is gained by understanding the wisdom and necessity of the rule, and not by mere obedience because it is a rule. No rule seems hard when you see that it is wise—worked out from experience—made necessary by existing conditions.

"Every possible method has been outlined for your welfare and protection while in our employ. Your saving, bonus, compensation for promptness and efficiency, protection during sickness, pension and insurance has all been thoroughly explained in this booklet.

"All that we ask is that you kindly read every page and feel that you are a part of an organization which is doing everything within its power for your success and welfare.

"THE RUDOLPH WURLITZER CO."

## "PENSION SYSTEM

"In order to take care of our loyal and trustworthy employees when old age overtakes them, we have put in this pension system: We will pay 2% on the entire amount you have earned each year, which will be paid to you in monthly instalments, and as long as you live. The largest pension we pay any one is $100.00 per month, or $1,200.00 a year. For example, we will take an employee that has earned $900.00 per year:

Worked 10 years at $900.00 a year— $9,000.00. Pension, $15.00 per month.

Worked 15 years at $900.00 a year— $13,500.00. Pension, $22.50 per month.

Worked 20 years at $900.00 a year— $18,000.00. Pension, $30.00 per month.

Worked 25 years at $900.00 a year— $22,500.00. Pension, $37.50 per month.

Worked 30 years at $900.00 a year— $27,000.00. Pension, $45.00 per month.

"From the above table you can easily figure what your pension would amount to. It pays to be loyal. A rolling stone gathers no moss."

At the bottom of the pages of the booklet are interesting statements designed apparently to encourage industry, faithfulness, loyalty and continued service with the company. Among them, appears the following:

"No man in this world ever rightfully receives more than he gives.—Adams."

"A man with push can get there, but it takes a man with character to stay there. —Shepherd."

"Forget the past. Success lies in the future."

"No one can cheat you of final success but yourself."

There is much good advice contained in the pamphlet and the whole effect is to produce a feeling of confidence in the fairness and sincere concern of the company for the welfare of the employe.

It is a little difficult for the court to reconcile the present attitude of appellee with the many assurances of concern for the benefit of the employees contained in the pamphlet. As previously stated in considering another pamphlet issued by this company (Wilson v The Rudolph Wurlitzer Co., 48 Oh Ap, 450; 18 Abs 449), fraud is never presumed, and where two constructions are possible, one of which requires a finding of fraudulent intent, and the other permits a conclusion of good faith, courts never hesitate in giving effect to the latter interpretation.

The inducement having been accepted by the appellee, the writing of appellant must be construed also most strongly against it, for it could have restricted the existing implications by proper words of limitation. The appellee is entitled to the benefit of all reasonable inferences applicable to the words used.

The appellant places great reliance, in denying to the 52-year-old appellee the benefits of its pension system, upon the words "when old age overtakes you." Now it must be observed that these words appear only in a clause addressed to a statement of the motivating impulse prompting the initiation and continuance of the pension system. It is further a matter of

common knowledge that there is an industrial old age and what may be styled a social old age, an economic human obsolescence, entirely distinct from the evening of life.

It is apparent also that according to the schedule there is an implication that an employee may be paid a person after only ten years' service. The service of appellee is within two and one-half years of the maximum service stated in the illustration table. We are aware that neither' of the extremes are limits of liability, but the appellee is entitled to the value of the natural import of what was presented to him.

It is to be noted also that the pension is payable during life, and would, therefore, naturally be a protection against destitution in old age. We consider the words used do not require an exhibition of senile decrepitude before the pension becomes payable any more than mere incapacity caused by accident or disease, however disastrous to the employee, would invoke the operation of the pension. The age at which men and women cease to be effective employees varies materially in the various industries and professions.

From what the record shows it can be easily concluded that the particlular business carried on by appellant was of such a nature that mature youth would be at a premium and that the appellee had reached a point where a younger man would serve the appellant much more satisfactorily. When it becomes apparent that longer employment will be a detriment to efficient service and that the alternative is a pension, a discharge is a most effective severing of the Gordian knot. While effective and most serviceable to the appellant, it results in a complete abrogation of the security upon which the appellee for 27½ years relied and had a right to rely.

Not one word of criticism is made of such service for this long period.

The Federal pension system is mentioned. If age 65 was in the mind of appellant, why was not this or some other age specified, so that the employe could have been permitted to govern himself accordingly with all the facts before him. The illustrative table again is most forceful in its implication of ages of retirement much below the federal age.

The court charged in part as follows:

"Now, this pension system, or contract, or agreement, which has been set forth in the amended petition and shown in Exhibit No. 1 uses the expression "When old age overtakes them," or overtakes him, applying to the plaintiff. I say to you that this means the age at which the average man performing the same or similar duties would ordinarily find himself unable to further perform such duties, or, to find similar employment elsewhere, and therefore I say to you if you find from a preponderance of evidence that the plaintiff at the time of his services with the defendant were discontinued then was at that age at which the average man performing the same or similar services would ordinarily find himself unable to further perform such services, or, to find similar employment elsewhere, then the plaintiff is entitled to a verdict, calculated according to the table prescribed in said Exhibit No. 1."

If there is any criticism of this charge, it is that it states too severe a rule against the appellee. Nothing is said in the pension prospectus as to incapacity. This could have been made the criterion. It was not specified.

The appellee had earned while in the service of the appellant more than $54,000.00. During these years, he was led to believe that 2% of his earnings would be paid him when the company considered him more favorably in the position of a pensioner than as an employee receiving a full salary or wage. The appellant has made its election. It has concluded that he has reached the point of industrial old age. It is to its interest to discontinue the payment of the full wage. The employee must bow to the appellant's opinion and edict. He, however, cannot be in good faith and justice denied the alternative held out by the employer as an inducement, for more than a quarter of a century, to continue service with the appellant.

The judgment is affirmed.

ROSS and HAMILTON, JJ., concur.