GUILES v UNIVERSITY OF MICHIGAN BOARD OF REGENTS

Docket No. 122651. Submitted December 3, 1991, at Lansing. Decided February 3, 1992, at 9:45 A.M.

Roger Guiles, an employee of the University of Michigan, brought an action in the Court of Claims against the University of Michigan Board of Regents, seeking long-term disability benefits for an alleged case of chronic fatigue syndrome. The court, Thomas L. Brown, J., on evidence of conflicting medical testimony regarding whether the plaintiff was afflicted with the syndrome, granted summary disposition for the board, determining that the plaintiff failed to show that the denial of benefits was arbitrary, capricious, or in bad faith and that the plaintiff failed to exhaust administrative remedies available through a grievance procedure. The plaintiff appealed.

The Court of Appeals *held:*

1. Judicial review of an employer's denial of benefits under an employee benefit plan is de novo unless the plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. In this case, the employee benefit plan does not clearly provide the employer with discretion to grant or deny benefits. Thus, proper judicial review in this case is de novo. Under such review, summary disposition is improper if there is a genuine issue of material fact such as the factual issue in this case concerning whether the plaintiff suffers from chronic fatigue syndrome.

2. An administrative remedy must be available and its pursuit must not be futile before its exhaustion can be required of a plaintiff. In this case, the evidence presented thus far indicated that the grievance procedure is unavailable to the plaintiff and would otherwise be futile.

Reversed and remanded.

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1722-1724; Master and Servant § 137.

See the Index to Annotations under Disabled Persons; Fringe Benefits; Labor and Employment.

Master and Servant — Employee Benefit Plans — Denial of
    Benefits — Judicial Review.
    Judicial review of an employer's denial of benefits under an
    employee benefit plan is de novo unless the plan gives the
    administrator or fiduciary discretionary authority to determine
    eligibility for benefits or to construe the terms of the plan.

*Thomas B. Darnton,* for the plaintiff.

*Butzel Long Gust Klein & Van Zile* (by *Daniel B. Tukel* and *Robert M. Vercruysse),* for the defendant.

Before: Griffin, P.J., and Hood and McDonald, JJ.

Griffin, P.J. Plaintiff, Roger Guiles, appeals as of right from an October 19, 1989, order of the Court of Claims. In its order, the court denied plaintiff's motion for rehearing of a grant of summary disposition in favor of defendant, the University of Michigan Board of Regents. We reverse the grant of summary disposition and remand for further proceedings.

I

This case involves an action to recover long-term disability benefits available to plaintiff as a benefit of his employment with defendant. The facts are relatively straightforward. Plaintiff was employed by defendant as a writer and researcher when, in October 1985, he requested a medical leave of absence. Plaintiff complained of a wide variety of flulike symptoms and fatigue that allegedly impaired his ability to function on the job.

In October 1986, plaintiff applied for long-term disability benefits under defendant university's long-term disability plan. In support of his application, plaintiff submitted various medical documentation that included an opinion from his treating physician that plaintiff suffered from chronic Ep-

stein-Barr Virus Syndrome.[1] According to plaintiff's brief, this condition is currently known as "Chronic Fatigue Syndrome," which he describes as "a set of symptoms which are believed to be caused by a virus although the specific organism has not yet been identified."

Plaintiff's application for benefits was ultimately referred to Alexis, Inc., defendant's plan administrator, for review. Alexis, in turn, referred plaintiff to Martin Charles, M.D., who examined plaintiff and evaluated his condition. According to Dr. Charles' report, plaintiff tested negative for the Epstein-Barr virus. Dr. Charles described plaintiff's history as consisting of "nonspecific and generalized symptoms which do not fit into any particular cubbyhole." In the final analysis, Dr. Charles concluded that there was no objective indication that plaintiff was disabled. On the basis of Dr. Charles' evaluation, plaintiff's application for disability benefits was denied.

On August 24, 1988, plaintiff filed suit in the Court of Claims. Plaintiff sought various forms of relief, including a determination that he was disabled and an award of long-term benefits. Following discovery, defendant moved for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that it was entitled to judgment as a matter of law because its denial of benefits could not be deemed arbitrary, capricious, or in bad faith. Defendant further argued that plaintiff had failed to exhaust his administrative remedies because he did not invoke defendant's intrauniversity grievance procedure.

---

[1] Plaintiff's symptoms are vague and unspecific. In the absence of objective confirmation of the alleged syndrome, the plaintiff's case for disability benefits appears quite weak. Nevertheless, we note that on December 30, 1987, a hearing referee, after reviewing much of the same evidence, determined that plaintiff was disabled within the meaning of the Social Security Act. We express no opinion regarding the admissibility or relevance of this finding.

Initially, the Court of Claims granted defendant's motion on the latter ground only. Thereafter, in ruling on plaintiff's motion for rehearing, the court ruled that defendant was entitled to judgment as a matter of law on both grounds. In pertinent part, the court's opinion reads:

Plaintiff alleges that the court erred in ruling that plaintiff be required to proceed through a grievance procedure thereby exhausting available administrative remedies prior to seeking access to this court. Plaintiff seeks benefits which he contends are due him from his employment. Defendant, employer, has declined to provide these benefits. The relief sought by plaintiff is available due only to his employment relationship with defendant. As such, the completion of employee grievance procedures forms an elementary source of relief which is not precluded by [*United States*] v *Anthony Grace & Sons, [Inc]*, 384 US 424; 86 S Ct 1539; 16 L Ed 2d 662 [(1966)] in that plaintiff has failed to demonstrate that such a procedure is either inadequate or unavailable.

Additionally, while the court chose not to address the matter previously, it is of the opinion that where a decision making body is responsible for the administration of a benefit plan and reserves to itself the discretion to determine the eligibility for such benefits, that body's determination is subject to judicial review only where it is shown that the decision was arbitrary, capricious or made in bad faith. Evidence presented on record in the instant action shows that two opinions of the facts were presented to the defendant. Medical testimony to the effect that plaintiff had medical problems as well as testimony that he had none were both presented. Plaintiff has alleged that a decision on his benefits was not fairly reached. However, failing to provide evidence that this decision was arbitrary or capricious, defendant [sic] has failed to provide the court with

reason or cause for the overturn or review of defendant's decisions.

## II

On appeal, plaintiff raises two issues. Plaintiff first contends that the grant of summary disposition was improper because he was not required to show that defendant's denial of benefits was arbitrary or capricious. Specifically, plaintiff argues that the deferential "arbitrary and capricious" standard of review has no application where the right to benefits is not determined by an impartial decision maker. Instead, plaintiff submits that the Court of Claims should have reviewed the matter de novo with the appropriate inquiry being simply whether plaintiff was disabled within the meaning of the disability policy. In short, plaintiff submits that "the test to be applied in this case is the standard contract analysis in which plaintiff has the burden of establishing his disability by a preponderance of the evidence." We agree.

In response to plaintiff's argument, defendant relies on a litany of federal cases and cases from this Court applying the arbitrary and capricious standard of review to benefit determinations. All of these cases, however, predate the decision of the United States Supreme Court in *Firestone Tire & Rubber Co v Bruch,* 489 US 101; 109 S Ct 948; 103 L Ed 2d 80 (1989).

In *Firestone,* the Supreme Court addressed the appropriate standard of review to be applied in reviewing benefit determinations made by fiduciaries or plan administrators under the Employee Retirement Income Security Act (ERISA), 29 USC

1001 *et seq.*[2] The Court held that a denial of benefits is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Id.* at 115. In reaching this conclusion, the Court traced the development of the arbitrary and capricious standard and its subsequent application by the federal courts to cases arising under ERISA:

> Although it is a "comprehensive and reticulated statute," *Nachman Corp v Pension Benefit Guaranty Corp,* 446 US 359, 361; 64 L Ed 2d 354; 100 S Ct 1723 (1980), ERISA does not set out the appropriate standard of review for actions under § 1132(a)(1)(B) challenging benefit eligibility determinations. To fill this gap, federal courts have adopted the arbitrary and capricious standard developed under 61 Stat 157, 29 USC § 186(c), a provision of the Labor Management Relations Act, 1947 (LMRA). See, e.g., *Struble v New Jersey Brewery Employees' Welfare Trust Fund,* 732 F2d 325, 333 (CA 3, 1984); *Bayles v Central States, Southeast & Southwest Areas Pension Fund,* 602 F2d 97, 99-100, and n 3 (CA 5, 1979). . . .
>
> In relevant part, 29 USC § 186(c) authorizes unions and employers to set up pension plans jointly and provides that contributions to such plans be made "for the sole and exclusive benefit of the employees . . . and their families and dependents." The LMRA does not provide for judicial review of the decisions of LMRA trustees. Federal courts adopted the arbitrary and capricious standard both as a standard of review and, more importantly, as a means of asserting jurisdiction over suits under § 186(c) by beneficiaries of LMRA plans who were denied benefits by trustees. See *Van Boxel v Journal Co Employees' Pension Trust,*

---

[2] Because the plan at issue in this case is maintained by a government entity, it is not covered by ERISA. See 29 USC 1002(32); 29 USC 1003(b)(1).

836 F2d 1048, 1052 (CA 7, 1987) ("[W]hen a plan provision as interpreted had the effect of denying an application for benefits unreasonably, or as it came to be said, arbitrarily and capriciously, courts would hold that the plan as 'structured' was not for the sole and exclusive benefit of the employees, so that the denial of benefits violated [§ 186(c)].)" See also Comment, The Arbitrary and Capricious Standard Under ERISA: Its Origins and Applications, 23 Duquesne L Rev 1033, 1037-1039 (1985). [*Firestone, supra* at 108-110.]

The Court then reasoned that the arbitrary and capricious standard should not be applied to ERISA cases because the jurisdictional artifice created by the federal courts was no longer necessary:

Unlike the LMRA, ERISA explicitly authorizes suits against fiduciaries and plan administrators to remedy statutory violations, including breaches of fiduciary duty and lack of compliance with benefit plans. See 29 USC §§ 1132(a), 1132(f). See generally *Pilot Life Ins Co v Dedeaux,* 481 US 41, 52-57; 107 S Ct 1549; 95 L Ed 2d 39 (1987) (describing scope of § 1132[a]). Thus, the raison d'etre for the LMRA arbitrary and capricious standard—the need for a jurisdictional basis in suits against trustees—is not present in ERISA. See Note, Judicial Review of Fiduciary Claim Denials Under ERISA: An Alternative to the Arbitrary and Capricious Test, 71 Cornell L Rev 986, 994, n 40 (1986). Without this jurisdictional analogy, LMRA principles offer no support for the adoption of the arbitrary and capricious standard insofar as § 1132(a)(1)(B) is concerned. [*Firestone, supra* at 110.]

In searching for the appropriate standard of review, the Court noted that "ERISA abounds with the language and terminology of trust law." *Id.* Accordingly, the Court looked to general principles of trust law and adopted a de novo standard of

review. *Id.* at 112-113. In so doing, the Court observed:

> The trust law de novo standard of review is consistent with the judicial interpretation of employee benefit plans prior to the enactment of ERISA. Actions challenging an employer's denial of benefits before enactment of ERISA were governed by principles of contract law. If the plan did not give the employer or administrator discretionary or final authority to construe uncertain terms, the court reviewed the employee's claim as it would have any other contract claim—by looking to the terms of the plan and other manifestations of the parties' intent. See, e.g., *Conner v Phoenix Steel Corp,* 249 A2d 866 (Del, 1969); *Atlantic Steel Co v Kitchens,* 228 Ga 708; 187 SE2d 824 (1972); *Sigman v Rudolph Wurlitzer Co,* 57 Ohio App 4; 11 NE2d 878 (1937). [*Firestone, supra* at 112-113.]

After reviewing the *Firestone* decision, we find it persuasive to the extent that it explicitly rejects the arbitrary and capricious standard of review relied on by defendant and the trial court.[3] We acknowledge that, unlike *Firestone,* the present

---

[3] Recently, in *Anderson v Great West Life Assurance Co,* 942 F2d 392, 394-395 (CA 6, 1991), the Sixth Circuit described the effect of *Firestone* on previous cases employing the arbitrary and capricious standard:

In *Firestone,* the Supreme Court unqualifiedly rejected this approach. As we have already recognized, the Court has made it abundantly clear that discretion is *not* the norm, and that, absent a grant of discretion, an administrator's decision will be reviewed *de novo. Firestone,* 489 US at 112; 109 S Ct at 956. See also *Brown v Ampco-Pittsburgh Corp,* 876 F2d 546, 549-550 (6th Cir, 1989). As we explained in *Brown,* "The purposes of ERISA are to promote and protect the rights of employees and their beneficiaries in employee benefit plans. Absent a clear grant of discretion to the administrator, application of the highly deferential arbitrary and capricious standard of review does not promote these goals." *Id.* at 550 (citation omitted). In *Firestone,* our approach to reviewing the interpretation of plan provisions under ERISA was rejected and our pre-*Firestone* decisions have been overruled on this issue. [Emphasis in original.]

case does not involve a question of plan interpreta-
tion. Rather, this case presents a factual dispute
concerning whether plaintiff is in fact "disabled."
This distinction, however, does not alter our analy-
sis. Under the de novo test, summary disposition is
improper where the record contains differing phys-
ical assessments concerning a plaintiff's disability.
See *Ring v Confederation Life Ins Co,* 751 F Supp
296, 299 (D Mass, 1990). In this case, because the
trial court applied the inappropriate arbitrary and
capricious standard of review, the factual dispute
regarding plaintiff's disability was resolved im-
properly in the context of a motion for summary
disposition. The net effect of the court's ruling was
to allow defendant to adopt the opinion of its own
doctor and thus determine plaintiff's entitlement
to benefits in the absence of any procedure for
independent review.[4] We agree with plaintiff that
this was error.

### III

For his second issue, plaintiff contends that the
trial court erred when it ruled that his claim was
barred as a result of his failure to exhaust admin-
istrative remedies. Once again, we agree with
plaintiff. Before a party can be required to exhaust
an administrative remedy, the remedy must be
available to him. *Holly Twp v Dep't of Natural
Resources,* 189 Mich App 581, 585; 473 NW2d 778
(1991). In the present case, our review does not

---

[4] Defendant submits that because the plan requires that a claimant
submit "satisfactory proof" of total disability, the university reserved
to itself complete discretion to determine eligibility. We find this
argument disingenuous and accordingly reject it. Under *Firestone,*
discretion is the exception, not the rule. *Anderson, supra* at 395.
Where an employer wishes to retain discretion, it may do so but it
must do so clearly. *Id.* In this case, the language relied on by
defendant does not clearly imply that the university shall have the
last word on entitlement to benefits.

indicate that the grievance procedure was designed or intended to resolve disputes concerning entitlement to disability benefits. Defendant does not point to documentary evidence to this effect, and the procedure itself states that it deals with matters "*directly* associated with the staff member's *employment relationship* with the university." [Emphasis added.] Furthermore, Ron Dick, defendant's personnel representative since 1979, testified in his deposition that he had been involved with processing grievances through the procedure in question and had never seen a long-term disability dispute handled through the grievance procedure. In fact, Mr. Dick testified that, when plaintiff's wife inquired with regard to how to appeal the initial denial of benefits, it never occurred to him to recommend that the grievance procedure be pursued.

Lastly, we note that exhaustion is also not required where pursuing the remedy would be futile. *Id.* Plaintiff testified that he was told by Mr. Dick that pursuing the grievance procedure would be "a waste of time" because no case had ever been decided against the university. Dick did not deny making such statements, but simply stated that he did not remember discussing the matter.

IV

On the basis of the foregoing, we reverse the grant of summary disposition and remand for further proceedings. By applying the arbitrary and capricious standard of review, the Court of Claims improperly decided a question of fact in the context of a motion for summary disposition under MCR 2.116(C)(10). The court further erred when it ruled that plaintiff had failed to exhaust his administrative remedies.

Reversed and remanded. We do not retain jurisdiction.