KROON-HARRIS v STATE OF MICHIGAN

Docket No. 261146. Submitted July 6, 2005, at Lansing. Decided July 14, 2005, at 9:00 a.m. Leave to appeal sought.

Donna Kroon-Harris, a former employee of the state of Michigan, brought an action in the Court of Claims against the state of Michigan, seeking payment under the long-term disability and income protection plan for state employees. The plaintiff alleged that the Office of the State Employer (OSE) stopped the payments erroneously. The court, Joyce A. Draganchuk, J., granted summary disposition for the state, apparently ruling that subject-matter jurisdiction properly lies in the circuit court pursuant to MCL 600.631. The plaintiff appealed, arguing that subject-matter jurisdiction lies in the Court of Claims under MCL 600.6419(1)(a).

The Court of Appeals *held*:

The Court of Claims erred in granting the defendant's motion for summary disposition because that court did have subject-matter jurisdiction over the action. In general, judicial review of an administrative decision is available under the process set forth in the statute applicable to the agency in question, by an appeal in the circuit court under MCL 600.631, or by the review process provided in the Administrative Procedures Act (APA), MCL 24.201 *et seq.* There is no statutory review process applicable to OSE decisions. The APA review process does not apply because a contested case was not involved here. An appeal in the circuit court under MCL 600.631 does not lie here because an appeal or other judicial review is authorized under MCL 600.6419(1)(a). The payments sought are based on a contract claim, granting the Court of Claims exclusive jurisdiction under MCL 600.6419(1)(a), which vests the Court of Claims with jurisdiction over contract claims against the state.

Reversed and remanded.

CIVIL SERVICE — OFFICE OF THE STATE EMPLOYER — LONG-TERM DISABILITY INSURANCE — JUDICIAL REVIEW.

The Court of Claims has subject-matter jurisdiction over an appeal from a final decision of the Office of the State Employer to stop the

payment of long-term disability insurance benefits to a former employee of the state of Michigan (MCL 600.6419[1][a]).

*Green, Weisse, Rettig, Rademacher, Clark & Bray, P.C. (by Nino E. Green)*, for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Karen K. Kuchek*, Assistant Attorney General, for the defendant.

Before: FITZGERALD, P.J., and METER and OWENS, JJ.

METER, J. Plaintiff appeals as of right an order of the Court of Claims granting summary disposition to defendant under MCR 2.116(C)(4) (lack of subject-matter jurisdiction). The court concluded that plaintiff should have filed her lawsuit in the circuit court as opposed to the Court of Claims. We disagree and, therefore, reverse.

On June 10, 2004, plaintiff, a former state employee, filed a complaint alleging that she was enrolled in the long-term disability (LTD) and income protection plan for state of Michigan employees. Plaintiff claimed that she became disabled and that defendant paid her LTD benefits from 2001 until approximately May 12, 2003. She claimed that defendant, in a decision by the Office of the State Employer (OSE), erroneously stopped paying her the benefits in May 2003 and that she was entitled to "disability benefits from and after May 12, 2003, unless and until [p]laintiff's eligibility otherwise ceases or expires."

On July 22, 2004, plaintiff filed a first amended complaint, mainly reiterating the information and claims in her original complaint but adding that (1) defendant's decision to deny LTD benefits to plaintiff was not subject to review by the Michigan Civil Rights

Commission or any other state agency, (2) "[d]efendant's decision to deny disability benefits to [p]laintiff was made without an evidentiary hearing," and no such hearing was in fact required by law, and (3) defendant broke a contract in denying plaintiff LTD benefits.

On January 26, 2005, defendant filed a motion for summary disposition under MCR 2.116(C)(4). Defendant argued that, under *Preserve the Dunes, Inc v Dep't of Environmental Quality,* 471 Mich 508, 519; 684 NW2d 847 (2004), judicial review of an administrative decision is available by way of (1) the process set forth in the statute applicable to the agency in question; (2) an appeal to the circuit court under various Michigan court rules and under MCL 600.631, a provision of the Revised Judicature Act (RJA), MCL 600.101 *et seq.*; or (3) the review process provided in the Administrative Procedures Act (APA), MCL 24.201 *et seq.*

Defendant claimed that the first option from *Dunes* was unavailable because there is no statutory review process applicable to the OSE. Defendant also claimed that the third option was unavailable because the OSE is not actually considered an "agency" under the APA and because no "contested case" had been in existence.[1] Defendant claimed that only the second option was available and that, in accordance with MCL 600.631, plaintiff should have filed her lawsuit in the circuit court in her county of residence or in the Ingham Circuit Court. Defendant argued that the applicable standard of review was set forth in Const 1963, art 6,

---

[1] Defendant had filed an earlier motion for summary disposition in which it argued that the APA procedures applied to plaintiff's lawsuit. Defendant withdrew this motion on August 11, 2004, apparently realizing that the APA procedures did not, in fact, apply.

§ 28,[2] and that the reviewing court was therefore limited to determining whether the OSE's decision was "authorized by law."

Defendant additionally moved for summary disposition under MCR 2.116(C)(8). Defendant argued that plaintiff was a "classified" employee and that classified employees have no express or implied employment contracts. Defendant stated that "no classified employee can reasonably expect that she would be entitled to LTD benefits *if she is no longer totally disabled.*" (Emphasis supplied by defendant.)

Plaintiff filed a responsive brief on February 11, 2005. She argued that the Court of Claims had jurisdiction over her lawsuit because, under MCL 600.6419(1)(a), the Court of Claims has jurisdiction to hear all contractual claims against the state. She further argued that defendant's reliance on MCL 600.631 was misplaced because that statute applies only to a state agency "authorized . . . to promulgate rules." Plaintiff contended that the OSE is not in fact authorized to promulgate rules.

Plaintiff additionally argued that she clearly entered into a contract with defendant because she agreed to pay money, and did pay money, for long-term disability coverage. Plaintiff took issue with defendant's allegation that classified employees do not have express or implied employment contracts, emphasizing that her

---

[2] Const 1963, art 6, § 28 states in part:

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

claim was not one for job reinstatement and was "not against the [d]efendant as her employer [but] . . . against the [d]efendant [as a] self-funded insurer . . . ." Plaintiff stated that defendant breached a contract by denying her benefits and that she was entitled to rectify the breach in the Court of Claims.

The court granted defendant's motion for summary disposition on February 16, 2005, evidently concluding that the Court of Claims lacked subject-matter jurisdiction over the case.[3]

On appeal, plaintiff argues that the Court of Claims did in fact have subject-matter jurisdiction over her case. We review de novo a trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood,* 461 Mich 109, 118; 597 NW2d 817 (1999). "Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are also reviewed de novo" on appeal. *Travelers Ins Co v Detroit Edison Co,* 465 Mich 185, 205; 631 NW2d 733 (2001).

In *Dunes, supra* at 519, the Court stated:

> In general, judicial review of an administrative decision is available under the following statutory schemes: (1) the review process prescribed in the statute applicable to the particular agency, (2) an appeal to circuit court pursuant to the Revised Judicature Act (RJA), MCL 600.631, and Michigan Court Rules 7.104(A), 7.101, and 7.103,[4] or (3)

---

[3] The precise rationale for the ruling by the Court of Claims is not apparent from the record because the court's written order refers to "the reasons stated on the record," and the transcript of the summary disposition hearing has not been filed in this Court. Given plaintiff's focus on the jurisdictional issue, we assume the court concluded that it lacked subject-matter jurisdiction and therefore dismissed the case under MCR 2.116(C)(4).

[4] MCR 7.104(A) states that "[a]n appeal in the circuit court under MCL 600.631 is governed by MCR 7.101 and 7.103, except that the bond requirements do not apply." MCR 7.101 and 7.103 deal with general procedural rules applicable to the circuit courts of this state.

the review provided in the Administrative Procedures Act (APA), MCL 24.201 *et seq.*

The first option mentioned in *Dunes* is not available here because there is no "review process prescribed in [a] statute applicable" to the OSE. Both parties agree with this conclusion. With regard to the third option, both parties contend that, because the OSE was created by an executive order, it is derived from gubernatorial authority and is not considered an "agency" under the APA. See MCL 24.203(2) ("[a]gency does not include an agency in the legislative or judicial branch of state government [or] the governor"). We conclude that we need not decide whether the OSE is an "agency" within the meaning of the APA. Indeed, even if the OSE *were* considered an "agency" under the APA, the APA procedures apply to "contested cases." MCL 24.301. There was no "contested case" here, because there was no requirement that the OSE provide the opportunity for an evidentiary hearing to individuals being denied benefits. See MCL 24.203(3) (defining the phrase "contested case"). Accordingly, the third option is unavailable. The present dispute centers on the second option. Defendant claims that it applies, while plaintiff claims that it does not.

MCL 600.631, the statute central to the second option from *Dunes*, states:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

Plaintiff claims that because the OSE is not authorized to promulgate rules, MCL 600.631 cannot govern the question of jurisdiction in this case. Plaintiff argues that jurisdiction is instead governed by MCL 600.6419(1)(a), which states that the Court of Claims may "hear and determine all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state and any of its departments, commissions, boards, institutions, arms, or agencies."

In making her argument that the Court of Claims has jurisdiction over her lawsuit, plaintiff relies in part on *Parkwood Ltd Dividend Housing Ass'n v State Housing Dev Auth,* 468 Mich 763; 664 NW2d 185 (2003). In *Parkwood, supra* at 765, the plaintiff received a mortgage from the defendant to finance the construction of an apartment complex. After the defendant indicated its intention to retain, after the payoff of the mortgage, certain funds that had been placed in escrow, the plaintiff filed a contract-based action for declaratory relief in the circuit court, seeking a declaration that the money in escrow belonged to the plaintiff. *Id.* at 764-765. The circuit court concluded that the Court of Claims had exclusive jurisdiction over the case and therefore dismissed it. *Id.* at 766. The plaintiff appealed the order of dismissal and also refiled its complaint in the Court of Claims, which then granted summary disposition to the defendant. *Id.* The plaintiff also appealed from the order granting summary disposition to the defendant. *Id.* The appeals were consolidated, and the Court of Appeals determined that the Court of Claims did not have jurisdiction over the case because that court "only has jurisdiction over claims for monetary damages," and the plaintiff was seeking merely declaratory relief. *Id.*

The Supreme Court in *Parkwood* concluded that the plaintiff was indeed seeking declaratory relief, stating that the plaintiff was "seeking a declaration regarding its entitlement to money in certain accounts, at such time that it prepays the mortgage." *Id.* at 771. The Supreme Court further concluded that the Court of Claims had jurisdiction, emphasizing that "[t]he plain language of [MCL 600.6419(1)(a)], the primary source of jurisdiction for the Court of Claims, does not refer to claims for money damages or to claims for monetary relief." *Parkwood, supra* at 772. The Court stated, *"Because the present case involves a contract-based claim* for declaratory relief *against a state agency,* we conclude that *it falls within the exclusive jurisdiction of the Court of Claims under the plain language of [MCL 600.6419(1)(a)]." Parkwood, supra* at 772 (emphasis added). The Court indicated that the jurisdiction of the Court of Claims was limited to claims involving contract or tort, unless ancillary jurisdiction over noncontract, nontort claims was invoked under MCL 600.6419a. *Parkwood, supra* at 772 n 7, 773.

The *Parkwood* Court's emphasis on the plain language of MCL 600.6419(1)(a) does indeed provide support for plaintiff's position in the instant case, given that plaintiff did enter into a contract with defendant that provided for LTD benefits in the event she became disabled and given that she now seeks redress for the breach of that contract. Defendant argues that plaintiff did not in fact enter into a contract with defendant because "[c]lassified employees do not have contracts governing the terms of their employment that are either express or implied." The cases defendant cites, however, do not support this sweeping statement. For example, in *Matulewicz v Governor,* 174 Mich App 295, 304; 435 NW2d 785 (1989), the Court stated that a state employee has no contractual right to keep his job, but,

instead, has something akin to a "property right" in his job. Here, *plaintiff is not seeking reinstatement in her job,* but instead is attempting to enforce a contract of insurance. Moreover, in two additional cases cited by defendant, *Engquist v Livingston Co,* 139 Mich App 280, 283-284; 361 NW2d 794 (1984), and *Dyer v Dep't of State Police,* 119 Mich App 121, 125-126; 326 NW2d 447 (1982), panels of this Court distinguished *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), and concluded that state employees had no contractual rights based on long-term policies or practices that their employers had earlier followed. In the present case, plaintiff is not claiming a breach of contract based on a longstanding policy or practice but is focusing *on a specific insurance policy for which she gave consideration in the form of premium payments.*

We conclude that *Parkwood* and the plain language of MCL 600.6419(1)(a) support plaintiff's position on appeal, despite defendant's attempts to characterize plaintiff's claim as something other than contractual.

Plaintiff also cites *Guiles v Univ of Michigan Bd of Regents,* 193 Mich App 39; 483 NW2d 637 (1992), in support of her position. In *Guiles, supra* at 40-41, the defendant denied LTD benefits to the plaintiff, a University of Michigan employee. The plaintiff sued the defendant in the Court of Claims, which granted the defendant's motion for summary disposition, concluding, in part, that the "arbitrary and capricious" standard of review applied to the plaintiff's lawsuit. *Id.* at 41-43. The plaintiff appealed, arguing, in part, that "the Court of Claims should have reviewed the matter de novo with the appropriate inquiry being simply whether plaintiff was disabled within the meaning of the disability policy." *Id.* at 43. This Court agreed, indicating that

a de novo standard of review applied because the employer did not make it explicitly clear that it had "the last word on entitlement to benefits" but merely required that a claimant submit "satisfactory proof" of loss. *Id.* at 43-47, 47 n 4. Essentially, the Court, relying on *Firestone Tire & Rubber Co v Bruch,* 489 US 101, 115; 109 S Ct 948; 103 L Ed 2d 80 (1989), concluded that a de novo standard of review applied in cases involving the denial of benefits unless "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Guiles, supra* at 44, 46-47.

*Guiles* provides guidance to us with respect to the instant case. Specifically, we find it significant that the plaintiff in *Guiles* filed her lawsuit in the Court of Claims, and this Court did not indicate that the Court of Claims lacked subject-matter jurisdiction over the lawsuit. Admittedly, the issue of subject-matter jurisdiction as it is framed by the parties in the instant case was not raised by the parties in *Guiles,* but it is significant that in *Guiles,* both parties, the Court of Claims, and the Court of Appeals simply *assumed* that the Court of Claims had subject-matter jurisdiction. We discern no reason why the instant case should be treated differently. Indeed, we discern no reason why a denial of LTD benefits by the University of Michigan Board of Regents, a state entity, should be treated differently from a denial of LTD benefits by the OSE, when both entities were responsible for benefits determinations and neither entity had provisions in place for evidentiary hearings should an employee contest a denial of benefits.[5]

---

[5] Defendant admits that the OSE is not required to grant an evidentiary hearing to individuals contesting a denial of benefits. In *Guiles, supra* at 47-48, the Court noted that there appeared to be no procedure in that case for an individual contesting a denial of benefits to seek redress within the governmental subunit, i.e., the University of Michigan.

Defendant claims that this case is governed by MCL 600.631, which, as noted earlier, states:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

Defendant contends that review of OSE decisions must take place in the circuit court because of this statute and it asserts that the OSE is authorized to promulgate rules by way of Executive Order No. 2002-18. Presumably, defendant is referring to the language in EO 2002-18 stating that the director of the OSE "shall formulate, execute, and administer labor-management relations policies for classified employees" and shall, among other things,

> develop and administer the statewide drug and alcohol testing program, statewide safety and health system, long-term disability plan, disability management programs, and the workers' compensation program for active state employees of the executive branch.

We question whether the duties of the OSE include the "promulgat[ion] [of] 'rules' within the meaning of MCL 600.631.[6] Nevertheless, we need not decide this issue today, because another phrase from MCL 600.631 is dispositive. MCL 600.631 states that "[a]n appeal shall lie from any order, decision, or opinion of any state

---

[6] The OSE's duties do not include the "promulgation of rules" within the meaning of the APA. See MCL 24.205(9) and MCL 24.207(g). However, it is unclear whether the definitions from the APA should be applied to the RJA. See, generally, *Viculin v Dep't of Civil Service,* 386 Mich 375, 395 n 19; 192 NW2d 449 (1971).

board, commission, or agency, authorized under the laws of this state to promulgate rules *from which an appeal or other judicial review has not otherwise been provided for by law* . . . ." We conclude that an individual, such as plaintiff, who is enrolled in defendant's LTD insurance program and contends that defendant has erroneously denied benefits does indeed have an opportunity for judicial review of that denial—she can bring suit in the Court of Claims.[7] The contractual nature of the claim, the plain language of MCL 600.6419(1)(a), and the cases of *Parkwood* and *Guiles* support this conclusion. Accordingly, an appeal under MCL 600.631 is not available. The Court of Claims erred in granting defendant's motion for summary disposition because the Court of Claims did, indeed, have subject-matter jurisdiction over plaintiff's lawsuit.[8]

Reversed and remanded. We do not retain jurisdiction.

---

[7] We note that in *Living Alternatives for the Developmentally Disabled, Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994), the Court of Claims had determined that the plaintiff's breach of contract claim should have been filed in the circuit court because "the contracts between the parties limited plaintiff's avenue of relief to an appeal of the administrative decision." The Court of Appeals held that an appeal in the circuit court was proper under MCL 600.631. *Living Alternatives, supra* at 484-485. We do not find *Living Alternatives* dispositive in the instant appeal, however, because (1) *Parkwood,* a Supreme Court case, takes precedence over *Living Alternatives*; and (2) the language of MCL 600.6419(1)(a) was not even discussed by the Court in *Living Alternatives*.

[8] We do not address the standard of review that the Court of Claims must employ on remand. The Court of Claims, instead, shall make that determination after a review of the applicable facts and law, including the law set forth in *Guiles, supra* at 44, 46-47. Additionally, we note that it is possible that the Court of Claims accepted defendant's argument that plaintiff actually had no contract for insurance and that summary disposition under MCR 2.116(C)(8) was therefore appropriate. As noted earlier, we do not know, with certainty, the precise basis for the trial court's ruling. Given our finding that a contract did exist, the Court of Claims erred if it did partly base its ruling on MCR 2.116(C)(8).